**Douglas Irwin CALCOTE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–94–01174–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 29, 1996.

Janet S. Morrow, Spring, for appellant.

John B. Holmes, Jr., Fred S. Wilson, Houston, for appellee.

Before WILSON, HEDGES and PRICE,[1] JJ.

## OPINION

PRICE, Justice (Assigned).

Appellant pled guilty to two counts of aggravated sexual assault of a child, and the court sentenced him to confinement for two life terms with a $10,000 fine. In one point of error, appellant contends the trial court erred in sentencing him without a complete pre-sentence investigation (PSI) report which, he maintains, should have included a recommendation for a community supervision plan. We affirm.

■ Appellant argues the trial court erred in finding him guilty and sentencing him to two life terms of imprisonment without a PSI report containing a proposed client supervision plan describing the programs and sanctions the Community Supervision and Corrections Department would provide if the court deferred adjudication of guilt. This assertion is only relevant if appellant had been eligible for a suspended sentence and placement in a community supervision program.

A defendant is eligible for deferred adjudication and subsequent community supervision:

> When in the judge's opinion the best interest of society and the defendant will be served, the judge may after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1996). The judge *may* choose this option after hearing evidence that establishes guilt, but is not required to defer adjudication and place the defendant on community supervision. *Id.*

A trial judge is not authorized to order community supervision for persons adjudged guilty of aggravated sexual assault. TEX. CODE CRIM.PROC.ANN. art. 42.12, section 3g(a)(1) (Vernon Supp.1996). The State argues here that once appellant was found guilty of aggravated sexual assault, section 3g(a) of article 42.12 prohibited his being given probation; thus, supervision options would have served no useful purpose. *McGhee v. State*, 747 S.W.2d 446, 450 (Tex. App.—Houston [14th Dist] 1988, no pet.).

In this case, appellant pled guilty to aggravated sexual assault of a child. The trial court withheld a finding of guilt until a PSI report could be prepared. Therefore, section 3g(a) of article 42.12 does not apply to the facts of this case while sentencing was pending. Appellant, at sentencing, was eligible for deferred adjudication with community supervision under section 5(a) of article 42.12, and vigorously pursued same. The trial court, however, chose not to follow that recommendation and assessed confinement time.

■ Given his eligibility for deferred adjudication community supervision, appellant contends that his conviction and sentence should be set aside so that the supervision and corrections department will have to comply with the duties mandated by TEX.CODE CRIM.PROC.ANN. art. 42.12, § 9(a) (Vernon Supp.1996). Under this provision, the PSI report "*must* contain a proposed client supervision plan describing programs and sanctions that the community supervision and communications department would provide if the judge suspended the imposition of the sentence or granted deferred adjudication." *Id.* The term "must" is usually mandatory when used in a statute. *Sodipo v. State*, 815 S.W.2d 551, 553–54 (Tex.Crim.App.1990).

Once the PSI report was submitted to the court, appellant voiced a series of objections to items included in the PSI report. Additionally, he moved to deny admission of the report in part because it failed to consider or recommend any possible supervisory plan options. During the sentencing hearing, the pre-sentence investigator, Cheri Schultz, testified that she purposely selected no supervi-

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

sory plan and "did not feel comfortable with any kind of supervision plan in this case." Thus, the required provision to be included in the PSI report was not overlooked; rather, it was purposely left blank. After hearing discussions by both parties regarding the objections raised by appellant's counsel, the court granted all of appellant's objections so that all that remained of the PSI report were appellant's statements to the police and to the PSI writer. The court thus received a PSI report prior to sentencing, but that report did not comply fully with section 9(a) under article 42.12.

In *Garrett v. State*, 818 S.W.2d 227, 229 (Tex.App.—San Antonio 1991, no pet.), the San Antonio Court held that article 42.12, section 9(i), which provides that results of a psychological evaluation "shall" be included in the report to the judge before sentencing a convicted defendant, is mandatory and must be part of the PSI report. Here, all of the parties and the trial judge were on notice that the provision requiring supervisory plan options was lacking, yet they chose to proceed with the hearing. The court stated for the record that, "I really never have paid much attention to the sentencing recommendations. I think that's my job." Consequently, the trial court erred, just as the court did in *Garrett*, by accepting a PSI report which did not meet all the provisions mandated by statute.

The Court of Criminal Appeals has declined to decide whether all mandatory statutes are immune to a harmless error analysis. *Sodipo*, 815 S.W.2d at 554. In breaches of many procedural statutes, the record contains no concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error. *Id.* The record in this case, however, clearly discloses data from which we can gauge the likelihood that the error did or did not contribute to appellant's punishment. Therefore, harmless error analysis should be considered in this case.

Appellant has not shown that he was harmed by this error. In determining whether a trial court's erroneous action constitutes reversible error, the reviewing court must focus on the error and determine whether, beyond a reasonable doubt, it contributed to the conviction or punishment. Tex.R.App.P. 81(b)(2); *Wright v. State*, 873 S.W.2d 77, 83 (Tex.App.—Dallas 1994, pet. ref'd). In this case, appellant voluntarily waived his right to trial and pled guilty to both offenses knowing that his punishment would ultimately be determined by the court. Therefore, the error did not have any effect on appellant's conviction of aggravated sexual assault.

The error was also harmless regarding appellant's punishment. Upon discussion of the PSI report, the court acknowledged counsel's objection to the lack of any recommendation for a community supervision plan, but continued with the hearing, without objection, to allow appellant to develop such evidence from his experts. The evidence included testimony by two psychologists who had treated appellant since the assaults. In their opinion, appellant would have benefited more by continuing therapy outside prison.

Despite this testimony by two professionals in the mental health field and other friends and family, the court chose to impose the maximum sentence for appellant's conduct. Thus, any error or deficiency in the mandatory PSI report became irrelevant to the sentencing process. Appellant's point of error is overruled.