NO. 12-00-00285-CR




IN THE COURT OF APPEALS

 



TWELFTH COURT OF APPEALS DISTRICT




TYLER, TEXAS


THOMAS FREDERICK BONNER,

§

 APPEAL FROM THE 402ND

APPELLANT



V.

§

 JUDICIAL DISTRICT COURT OF



THE STATE OF TEXAS,

APPELLEE

§

 WOOD COUNTY, TEXAS

 

PER CURIAM


 Appellant Thomas Frederick Bonner ("Appellant") pleaded guilty to possession of methamphetamine with intent to
manufacture and was sentenced to imprisonment for life. Appellant raises four issues for our consideration. We affirm.



Background


 Appellant was charged by indictment with possession of methamphetamine with intent to manufacture, a first degree
felony that was enhanced by a prior felony conviction. After the trial court denied his motion to suppress, Appellant
entered an open plea of guilty pursuant to a plea agreement. After reviewing the presentence report and hearing testimony
relating to punishment, the court found Appellant guilty and assessed punishment at imprisonment for life. 

 Appellant was represented by counsel throughout the trial and initially on appeal. At Appellant's request, we allowed his
appellate counsel to withdraw and struck the brief that counsel had filed. Appellant now proceeds pro se.



Accuracy of the Record


 In his first issue, Appellant contends that this court erred in overruling his motion to correct the reporter's record rather
than submitting the dispute to the trial court for resolution. Appellant filed his motion pursuant to Tex. R. App. P.
34.6(e)(3), alleging that the reporter's record of the trial court proceedings is inaccurate and requesting that we submit the
dispute to the trial court for resolution. (1) In his motion, Appellant stated that his counsel objected at the punishment
hearing when the State attempted to present evidence relating to the facts of a prior conviction. Appellant contended the
objection was made and sustained "on the grounds of the plea agreement" and asserted that those words were erroneously
omitted from the reporter's record. (2) However, Appellant's motion did not explain how the alleged omission prevents him
from showing reversible error, and we asked him to address that issue prior to our consideration of the motion.

 In response to our request, Appellant stated that the plea agreement prohibited the State from using any information at the
punishment phase that was not included in the pen packet. According to Appellant, the State's attempt to question him
about the underlying facts of a prior conviction was a breach of the agreement, and the trial court committed reversible
error in not allowing him to withdraw his guilty plea. (3) After reviewing Appellant's response, we determined he did not
make the requested showing and denied the motion. 

 From our review of the record, we conclude that our disposition of Appellant's motion was correct. The trial court
sustained counsel's objection, and the underlying facts of the prior conviction were therefore not presented for the court's
consideration at sentencing. As a result, Appellant has failed to show how he was harmed by the State's action, even if we
assume the plea agreement included the term Appellant suggests. (4) Accordingly, we overrule Appellant's first issue.

 

Presentence Report


 In his second issue, Appellant asserts that the trial court was required to order a psychological evaluation as part of the
presentence report. Article 42.12, section 9(i) of the Texas Code of Criminal Procedure provides that a presentence
investigation conducted on any defendant convicted of a felony "who appears to the judge through its own observation or
on suggestion of a party to have a mental impairment shall include a psychological evaluation. . . ." The term "mental
impairment" encompasses mental weakness, deterioration, or damage. Garrett v. State, 818 S.W.2d 227, 229 (Tex.
App.--San Antonio 1991, no pet.). 

 In response to the court's questions at the hearing on the guilty plea, Appellant said he had never been incarcerated or
hospitalized in a mental institution or hospital, but that he had "been under some treatments." He also told the court that he
suffered from "post traumatic shock syndrome." As a result of those comments, the court questioned Appellant's counsel,
who stated that Appellant had been able to assist him and appeared to be in touch with reality. Counsel further stated that
he had no qualms about Appellant's capacity at that time.

 From our examination of the record, we find no indication that Appellant had previously contended his mental condition
was an issue or that Appellant's behavior in court should have caused the trial judge to suspect he had a mental impairment. 
Therefore, Appellant's unsubstantiated statements, standing alone, were insufficient to invoke the requirement of a
psychological evaluation, particularly in light of the comments of Appellant's counsel. We therefore conclude that the trial
court did not err in accepting the presentence report without a psychological evaluation and overrule Appellant's second issue.



Motion for New Trial


 In his third issue, Appellant complains that the trial court abused its discretion by denying a hearing on his motion for new
trial. However, the right to a hearing on a motion for new trial is not truly an "absolute right." Reyes v. State, 849 S.W.2d
812, 815 (Tex. Crim. App. 1993). 

 The trial court's denial of a hearing on a motion for new trial is reviewed for an abuse of discretion. State v. Gonzalez,
855 S.W.2d 692, 696 (Tex. Crim. App. 1993). When a motion for new trial presents matters that are not determinable from
the record, the trial court abuses its discretion by failing to hold a hearing. Reyes, 849 S.W.2d at 816. Conversely, if the
motion presents matters that are determinable from the record, the trial court does not abuse its discretion by denying a
hearing. Id.

 Appellant alleged that he was entitled to a new trial on three grounds: (1) he pleaded guilty and was sentenced by two
different judges, (2) the State violated the plea bargain, and (3) the trial court erroneously denied his motion to suppress. 
Appellant also alleged that he was entitled to a hearing on the motion because the matters he raised were not determinable
from the record. 

 Contrary to Appellant's assertions, each of the issues in his motion for new trial is addressed in the record. As to the
substitution of judges, we note an exchange between the visiting judge and the attorneys in which the judge voiced his
concern that he would be imposing Appellant's sentence without having heard all of the evidence at the punishment phase.
(5) After allowing time for the attorneys to discuss the matter, the hearing proceeded by agreement of Appellant, Appellant's
counsel, and the State. Stipulations of prior testimony were submitted without objection. 

 As previously noted, the terms of the plea agreement were also stated for the record. The State, without objection,
informed the court that Appellant was entering an open plea in return for the State's agreement to proceed only on the
primary charge and disregard the enhancement count. The record also reflects the State's compliance with the terms
presented to the court. The evidence presented at the hearing on the motion to suppress appears in the record as well.

 From our review of the record, we conclude that all matters set forth in Appellant's motion for new trial are determinable
from the record. Therefore, the trial court did not abuse its discretion in denying a hearing on Appellant's motion, and we
overrule Appellant's third issue.



Motion to Suppress


 Appellant argues in his fourth issue that the trial court committed error in denying his motion to suppress because the
officers' entry into the residence searched was unlawful or, in the alternative, the officers failure to leave the premises
immediately when they encountered a peaceful scene in the living room was unlawful. (6) In response, the State asserts that
the trial court's denial of the motion to suppress can be upheld on three separate grounds: (1) Appellant lacks standing to
complain of the entry into the residence, (2) the emergency doctrine is applicable, and (3) the officers were investigating
alleged family violence and their actions were statutorily mandated. Because standing is a threshold issue, we address that
contention first. (7) 

 The purpose of both the Fourth Amendment and Article I, Section nine of the Texas Constitution is to safeguard an
individual's legitimate expectation of privacy from unreasonable governmental intrusions. Villareal v. State, 935 S.W.2d
134, 138 (Tex. Crim. App. 1996). An accused has standing to challenge the admission of evidence obtained by a
governmental intrusion only if he had a legitimate expectation of privacy in the place entered. Rakas v. Illinois, 439
U.S.128, 143, 99 S. Ct. 421, 430, 58 L. Ed. 2d 387 (1978); Villareal, 935 S.W.2d at 138. Further, the accused has greater
access to the relevant evidence and therefore has the burden of proving facts that establish he had a legitimate expectation
of privacy. Id. 

 To carry his burden, the accused must normally prove (1) that by his conduct, he exhibited an actual subjective expectation
of privacy and (2) that circumstances existed under which society was prepared to recognize his subjective expectation as
objectively reasonable. Id. The following factors, among others, are relevant to the court's determination of whether the
accused has standing to challenge a search: (1) whether the accused had a property or possessory interest in the place
entered; (2) whether he was legitimately in the place entered; (3) whether he had complete dominion or control and the
right to exclude others; (4) whether, before the entry, he took normal precautions customarily taken by those seeking
privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is consistent with historical
notions of privacy. Calloway v. State, 743 S.W.2d 645, 651 (Tex. Crim. App. 1988).

 In the case at bar, the record reflects that Appellant was present when the officers entered the premises searched. 
However, neither Appellant's presence nor the fact that he was subsequently charged with possession of a controlled
substance establish automatic standing to challenge the legality of the search. United States v. Salvucci, 448 U.S. 83, 85,
91-92; 100 S.Ct. 2547, 2549, 2552-53; 65 L.Ed.2d 619 (1980); Franklin v State, 913 S.W.2d 234, 240 (Tex.
App.--Beaumont 1995, pet. ref'd);Puente v State, 888 S.W.2d 521, 525 (Tex. App.--San Antonio 1994, no pet.). Therefore,
Appellant was required to establish that he had a legitimate expectation of privacy in the residence. 

 Because Appellant did not testify or present evidence at the hearing on the motion to suppress, the record is devoid of
evidence relating to any of the factors listed in Calloway. (8) As a result, we conclude that Appellant failed meet his burden
to show he had a legitimate expectation of privacy in the premises searched. Therefore, Appellant had no standing to
challenge the search, and the trial court did not err in overruling the motion to suppress. We overrule Appellant's fourth
issue. (9)



Conclusion

 

 From our review of the record, we hold that this court did not commit reversible error in overruling Appellant's motion to
correct the record of the trial court. We further hold that the trial court did not commit reversible error and affirm the
judgment of the trial court.



Opinion delivered November 28, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.































(DO NOT PUBLISH)



1. Rule 34.6(e)(3) provides that an appellate court may submit the dispute to the trial court for resolution.

2. The record indicates that Appellant's counsel objected on the ground of relevance, and the State contends the record is
accurate.

3. The record does not reflect that Appellant tried to withdraw his guilty plea.

4. The State, without objection from Appellant's counsel, informed the court that Appellant would enter an open plea to
the primary charge without the enhancement count and the State would present evidence at the punishment hearing, as
would Appellant if he chose to do so. Both Appellant and his counsel stated they understood Appellant was entering an
open plea, and neither mentioned any agreement about evidence relating to the underlying facts of a prior conviction.

5. The Honorable Timothy Boswell, who had heard some of the testimony on punishment, was presiding over a trial on
another matter and was unavailable to complete the punishment hearing on the scheduled date.

6. The officers were deputies of the Wood County Sheriff's Department and entered the residence in response to a
disturbance call about "a male subject with a knife cutting up a female." The officers entered the residence after knocking
and identifying themselves several times, receiving no response, and hearing moaning and groaning inside the residence.

7. The State did not raise the issue of standing at the hearing on the motion to suppress, but may raise the issue for the first
time on appeal. Wilson v. State, 692 S.W.2d 661, 667-69 (Tex. Crim. App. 1985)(op. on reh'g).

8. The female in the residence executed a written consent to the search, and Appellant did not challenge her authority to
give consent.

9. Because we conclude that Appellant had no standing to challenge the search, we need not address the State's other
grounds for upholding the trial court's ruling on the motion to suppress. Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990)(trial court's ruling on motion to suppress to be sustained if correct on any applicable theory of law).