NO. 07-01-0291-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 10, 2002



______________________________




AIR LIQUIDE AMERICA CORPORATION, APPELLANT



V.



COASTAL REFINING AND MARKETING, INC., APPELLEE




_________________________________



FROM THE 152ND DISTRICT COURT OF HARRIS COUNTY;



NO. 1999-10944; HONORABLE HARVEY BROWN, JUDGE



_______________________________




Before QUINN and REAVIS, JJ. and BOYD, SJ. (1)



 In this proceeding, appellant Air Liquide America Corporation appealed a judgment
in favor of appellee Coastal Refining and Marketing, Inc. Appellee filed a cross-appeal.

 However, the parties have now filed a motion in which they certify that they have
settled and compromised all claims and controversies between them and neither of them
desire to pursue their appeal. The motion is in proper form and is filed before this court
has rendered any opinion in the case.

 Accordingly, the parties' motion is granted and the appeal is dismissed. Tex. R.
App. P. 42.1(a). Having dismissed the appeal at appellant's request, no motion for
rehearing will be entertained and our mandate will issue forthwith.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.



 evaluated by Texas Panhandle Mental Health and Mental Retardation
(TPMHMR) to determine if TPMHMR had any services that it could offer appellant.

 At the hearing on the Motion to Revoke, appellant pled not true to the violations by
reason of insanity. By agreement of the parties, this hearing was made a unitary hearing
in which evidence would be considered as relevant to both the trial court's determination
of whether to proceed to adjudication and, if so, the appropriate punishment. 

 Steve Brasher, a licenced professional counselor with TPMHMR, testified regarding
a diagnostic impression that he performed on appellant. Before Brasher testified that
appellant did not exhibit enough symptoms to qualify for a diagnosis of major depression,
bipolar disorder or schizophrenia, appellant objected contending that no reliable foundation
had been laid to establish that Brasher's opinion was a reliable opinion. The trial court
overruled appellant's objection. Following the court's ruling, Brasher testified as to the
symptoms appellant exhibited during Brasher's evaluation, why those symptoms failed to
correlate to diagnoses of major depression and bipolar disorder, and that appellant's
symptoms indicated a personality disorder rather than a mental condition. Appellant did
not object to any of this testimony. However, when the State inquired about a second
evaluation that Brasher performed on appellant, appellant objected stating that Brasher's
opinion was speculative and not based on a reliable foundation. Again, the trial court
overruled appellant's objection. Brasher further testified that appellant did not qualify for
TPMHMR services.

 The psychologist appointed by the trial court, Dr. Stephen Schneider, testified that
he did not believe that appellant had the ability to know right from wrong at the time of the
commission of the aggravated assault if he was not on the appropriate medication at the
time of that offense. Schneider also explained that Brasher's conclusions were the result
of only a cursory examination and that it lacked objectivity because Brasher did not utilize
any testing. Schneider opined that appellant suffers from a post-traumatic stress disorder
that is accompanied by a major depressive disorder that is recurrent and severe.

 At the close of the unitary hearing, the trial court found three of the alleged violations
to be true and adjudicated appellant guilty of the offense of aggravated assault. The court
then sentenced appellant to ten years incarceration. Appellant made no request for the trial
court to order a presentence investigation (PSI).

 By two issues, appellant appeals. Appellant contends that the trial court erred in (1)
considering Brasher's expert opinion statement and testimony, and (2) sentencing appellant
without a PSI. Appellant concedes that this court has no jurisdiction to review the trial
court's determination to proceed to adjudication of guilt in this action, see Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004) (1), and specifies that these issues pertain
only to the trial court's sentencing.

 By his first issue, appellant contends that the trial court erred in considering
Brasher's out-of-court statement (2) and in admitting his expert testimony.

 A trial court's decision to admit or exclude evidence is reviewed for abuse of
discretion. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000);
Montgomery v. State, 810 S.W.2d. 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). 
However, to preserve error for appellate review, the complaining party must make a timely
and specific objection at the earliest possible opportunity. See Tex. R. App. P. 33.1;
Armstrong v. State, 718 S.W.2d 686, 699 (Tex.Crim.App. 1985) (op. on reh'g). An
appropriately specific objection regarding expert testimony must specify the particular
deficiency in the expert's qualifications or the reliability of the expert's opinions. See
Chisum v. State, 988 S.W.2d 244, 250 (Tex.App.-Texarkana 1998, pet. ref'd). A general
objection that does not specify the particular deficiency of the testimony does not
adequately inform the trial court of a complaint upon which it might rule and, thus, does not
preserve error in the admission of such expert testimony. Id. 

 Appellant's sole objection to Brasher's qualifications and the reliability of his expert
opinion testimony was that there was "no reliable foundation" laid for Brasher's opinions. 
Appellant did not specify in what manner Brasher's expert testimony was deficient. See
Kelly v. State, 824 S.W.2d 568, 573 (Tex.Crim.App. 1992) (indicating that for expert
testimony to be reliable the underlying scientific theory must be valid, the technique
applying the theory must be valid, and the technique must have been properly applied on
the occasion in question). Thus, we conclude that appellant's "no reliable foundation"
objection was too general to advise the trial court of any specific deficiency in Brasher's
testimony and did not preserve any error in the trial court's admission of this testimony. 
See Chisolm, 988 S.W.2d at 250.

 Further, appellant failed to preserve any error in the admission of Brasher's opinion
testimony by not repeatedly objecting to the same or similar testimony. Without a hearing
outside of the presence of the jury, a request for a running objection, or repeated
objections, any error in the admission of testimony over a proper objection is not preserved
when the same or similar testimony is admitted through the same witness without objection. 
See Ethington v. State, 819 S.W.2d 854, 859-60 (Tex.Crim.App. 1991). In the present
case, appellant objected when Brasher offered his opinion that appellant did not exhibit
enough symptoms for a diagnosis of a mental condition. However, following this objection,
Brasher testified that appellant did not exhibit enough symptoms to qualify for a diagnosis
of major depression or bipolar disorder and that the symptoms that he did exhibit would
indicate a personality disorder rather than mental impairment. Appellant did not object to
this subsequent testimony. Because we conclude that this subsequent testimony was the
same or similar to the testimony that appellant did object to, appellant's failure to repeatedly
object to this evidence failed to preserve any error arising from the trial court overruling
appellant's initial objection. See Tex. R. App. P. 33.1; Ethington, 819 S.W.2d at 859-60. 
We overrule appellant's first issue.

 By his second issue, appellant contends that the trial court erred by sentencing him
without first ordering a PSI. Article 42.12, section 9(a) indicates that, with certain
exceptions, before the imposition of sentence in a felony case, the trial court shall direct a
supervision officer to report to the judge in writing on the circumstances of the offense with
which the defendant is charged, the amount of restitution necessary to adequately
compensate a victim of the offense, the criminal and social history of the defendant, and
any other information requested by the judge. However, a trial court is not required to order
a PSI if not requested by the defendant and if the only available punishment is
imprisonment. See article 42.12, § 9(g)(3). If a defendant is convicted of a felony who
appears to the trial court, or on suggestion of a party, to have a mental impairment, any PSI
ordered shall include a psychological evaluation. See article 42.12, § 9(i). 

 In the present case, appellant never requested the trial court order a PSI, so the
mandatory duty arising upon such a request was not triggered by appellant. Appellant, in
his judicial confession, admitted that he had committed each and every allegation contained
in the indictment. The indictment alleged that appellant committed aggravated assault
while using and exhibiting a motor vehicle as a deadly weapon. The trial court's judgment
finds appellant guilty of aggravated assault and includes an affirmative finding that he used
or exhibited a deadly weapon. The trial court's adjudication of appellant's guilt and
affirmative finding that appellant used or exhibited a deadly weapon precluded imposition
of community supervision. See article 42.12, § 3g(a)(2); Whitelaw v. State, 29 S.W.3d 129,
132 n.13 (Tex.Crim.App. 2000). Thus, the only punishment available to the trial court was
imprisonment. We, therefore, conclude that the trial court's sentencing of appellant without
first requesting a PSI falls squarely within the statutory exception contained in article 42.12,
section 9(g)(3) and did not constitute error.

 Appellant relies upon Garrett v. State, 818 S.W.2d 227, 229 (Tex.App.-San Antonio
1991, no writ), for the proposition that a PSI is mandatory in a felony case in which it
appears to the trial court or a party suggests that the defendant may have a mental
impairment. However, Garrett involved a case under the prior version of article 42.12,
section 9(i). Section 9(i) (3), as it existed at the time Garrett was decided, required that a PSI
be conducted and that the PSI include a psychological evaluation when the defendant may
have a mental impairment. See Holloman v. State, 942 S.W.2d 773, 776
(Tex.App.-Beaumont 1997, no writ). The current version of section 9(i) now requires that,
if a trial court is otherwise required to order a PSI or does so in its own discretion, then the
PSI must contain a psychological evaluation of the defendant if the defendant appears to
have a mental impairment. Id. The most significant change made to the section by the
1991 amendment is the removal of the language indicating that a PSI "shall be conducted"
when a felony offender appears to suffer from a mental impairment. Id. As section 9(i) has
been amended to remove the language mandating the preparation of a PSI, we conclude
that Garrett is inapposite.

 As appellant has failed to establish that the trial court had a duty to order a PSI
before sentencing appellant, we overrule appellant's second issue.

 We affirm the judgment of the trial court.


 Mackey K. Hancock

 Justice



Do not publish. 


1. Further reference to provisions of the Texas Code of Criminal Procedure will be by
reference to "article __."
2. The only reference to an out-of-court statement made by Brasher to the trial court
which can be found in the record is in a letter that the trial court sent appellant's trial
counsel in which the trial court indicated that Brasher had advised the court that TPMHMR
could not offer any services to appellant because, in Brasher's opinion, appellant "was a
sociopath who intentionally manipulated the system and that the interests of society would
best be served by his incarceration." However, the record does not show that appellant
preserved this error, if any, by objecting to the trial court's consideration of Brasher's out-of-court statement. See Tex. R. App. P. 33.1(a). Further, appellant's brief cites no authority
to support his contention that the trial court erred in considering this statement and provides
no substantive argument as to how appellant was harmed by the trial court's action. Failure
to adequately brief an argument and provide authority to support an issue waives the
complaint. See Lawton v. State, 913 S.W.2d 542, 558 (Tex.Crim.App. 1995). Therefore,
we will limit our review of appellant's first issue to his contention that the trial court erred
in admitting Brasher's expert testimony.
3. Act of June 15, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3498,
3503, amended by Act of August 29, 1991, 72nd Leg., 2d C.S., ch. 10, § 16.01, 1991 Tex.
Gen. Laws 213.