Affirmed and Opinion filed February 1, 2005









Affirmed
and Opinion filed February 1, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00235-CR

____________

 

LEONARD JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 944,199

 



 

O P I N I O N

Appellant, Leonard Jones, appeals from his
conviction for murder.  After appellant
pleaded guilty, the trial court ordered preparation of a presentence investigation
(PSI) report.  After receiving the
report, the court found appellant guilty and assessed punishment at 45 years’
incarceration.  In his sole issue on
appeal, appellant contends that the trial court erred in failing to require
that the PSI include a psychological evaluation.  We affirm.

Discussion

PSIs are governed by article 42.12 of the
Texas Code of Criminal Procedure, which provides in relevant part as follows:








A presentence
investigation conducted on any defendant convicted of a felony offense who
appears to the judge through its own observation or on suggestion of a party to
have a mental impairment shall include a psychological evaluation which
determines, at a minimum, the defendant’s IQ and adaptive behavior score.  The results of the evaluation shall be
included in the report to the judge as required by Subsection (a) of this
section.

Tex. Code Crim. Proc. Ann. art. 42.12, §
9(i) (Vernon Supp. 2004).

Appellant does not contend, and the record
does not reflect, that prior to the preparation of the PSI report any party
suggested that appellant was mentally impaired or that the judge observed
anything to indicate that appellant was mentally impaired.  Appellant argues instead that the court
should have ordered a psychological evaluation because there was evidence in
the PSI report itself that appellant was impaired.[1]  However, nothing in article 42.12 requires
the judge to examine the PSI report for evidence of mental impairment.  In other words, if no evidence or suggestion
of impairment arises before the PSI is ordered, nothing in article 42.12
requires the judge to order a new PSI including a psychological evaluation
based on evidence from the original PSI. 
The article clearly contemplates that a suggestion or observation of
impairment be made prior to the PSI order. 
Accordingly, we find that the trial court did not err in failing to
order a psychological evaluation.

The trial court’s judgment is affirmed.

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Opinion filed February 1, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do not publish — Tex. R. App. P. 47.2(b).











[1]  The evidence
cited by appellant includes his habitual drug use, his attendance at special
education classes, his failure to pass the ninth grade in two attempts, his
failure to obtain a GED or graduate from a Job Corps program, and his
experiencing of periodic blackouts. 
“Mental impairment” encompasses “mental weakness, deterioration, or
damage.”  Garrett v. State, 818
S.W.2d 227, 229 (Tex. App.—San Antonio 1991, no pet.).