NO. 12-04-00149-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
THOMAS WAYNE MCKINNEY,                     §                 APPEAL FROM THE THIRD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Thomas Wayne McKinney pleaded guilty to aggravated sexual assault of a child
and sexual assault of a child. Following a hearing on punishment, Appellant was sentenced to
imprisonment for life on the aggravated sexual assault of a child charge and twenty years of
imprisonment on the sexual assault of a child charge. In one issue, Appellant contends that the trial
court erred by not ordering a psychological evaluation to be included in his pre-sentence
investigation (“PSI”). We affirm.
 
Background
            On April 10, 2003, Appellant was indicted for aggravated sexual assault of a child and sexual
assault of a child.


 On January 15, 2004, the trial court held a hearing for Appellant to enter an open
guilty plea. At the beginning of the plea hearing, Appellant’s counsel stated that he was “requesting
thirty days to get ready for sentencing because we’ll need a psychological review.” The court agreed
and proceeded with the hearing. Appellant then pleaded guilty to both charges and the court ordered
that a PSI be completed before assessing punishment. 
            On March 11, the trial court heard testimony and arguments on Appellant’s sentencing. The
record indicates that Appellant received a copy of the PSI on Monday, March 8. The PSI apparently
did not include a psychological evaluation of Appellant at the time it was compiled.


 At the
beginning of the hearing, Appellant’s counsel orally moved to include a psychological evaluation
“with a minimum of an IQ standard” in the PSI before Appellant’s sentence was pronounced. The
trial court denied the motion. 
            At the conclusion of the hearing, the trial court sentenced Appellant to imprisonment for life
on the aggravated sexual assault of a child charge and twenty years of imprisonment on the sexual
assault of a child charge. Appellant timely filed a notice of appeal on March 25.
 
Review of Trial Court’s Ruling on Objection to the PSI
            In his sole issue, Appellant contends that the trial court erred by not requiring him to undergo
psychological testing in order to include the results of that testing in the PSI. Section 9(i) of Article
42.12 of the Texas Code of Criminal Procedure mandates that 
 
[a] presentence investigation conducted on any defendant convicted of a felony offense who appears
to the judge through its own observation or on suggestion of a party to have a mental impairment shall
include a psychological evaluation which determines, at a minimum, the defendant’s IQ and adaptive
behavior score.


Tex. Code Crim. Proc. Ann. art. 42.12, § 9(i) (Vernon Supp. 2004-05). The phrase “mental
impairment” encompasses mental weakness, deterioration, or damage. Garrett v. State, 818 S.W.2d
227, 229 (Tex. App.–San Antonio 1991, no pet.). 
            At the beginning of Appellant’s plea hearing, he acknowledged that he understood 1) the
charges against him, 2) the waiver of his right to a trial, and 3) the ramifications of pleading guilty
to the charges against him. Appellant’s counsel even acknowledged that he believed Appellant was
competent to stand trial.
            At the hearing on Appellant’s sentencing, the court stated that it did not appear to her that
Appellant was mentally impaired or incompetent to stand trial. Appellant’s counsel stated to the
court only that Appellant “was in special ed his entire educational experience” and “has problems
reading and writing.” Appellant’s counsel further expressed to the court that he was not “arguing
that [Appellant is] mentally incapacitated.”
            Appellant has not directed us to, nor can we find, anywhere in the record to demonstrate that
1) Appellant appeared to the trial court to have a “mental impairment” or 2) a party suggested to the
court that Appellant has a “mental impairment.” Accordingly, Appellant’s sole issue is overruled.
 
Disposition
            The judgment of the trial court is affirmed. 
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered August 17, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.











(DO NOT PUBLISH)