NO. 07-04-0587-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 26, 2005
_____

BILLY JOE ELMORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 11,574-C; HONORABLE PATRICK PIRTLE, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Billy Joe Elmore, appeals the sentence imposed following his conviction for aggravated assault. Appellant was sentenced by the trial court to ten years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In 1998, appellant pled guilty to the offense of aggravated assault. In accordance with a plea bargain agreement, the trial judge accepted appellant's plea, deferred adjudication of guilt, placed appellant on ten years deferred adjudication probation and

assessed a $10,000 fine. Appellant did not appeal from this proceeding or the order placing him on deferred adjudication probation.

In 2004, the State filed an Amended Motion to Revoke Order Granting Unadjudicated Probation alleging that appellant had violated terms and conditions of his probation.

Appellant timely filed notice of his insanity defense and moved the court for a psychiatric evaluation. The trial court granted appellant's motion. The trial court also ordered appellant be evaluated by Texas Panhandle Mental Health and Mental Retardation (TPMHMR) to determine if TPMHMR had any services that it could offer appellant.

At the hearing on the Motion to Revoke, appellant pled not true to the violations by reason of insanity. By agreement of the parties, this hearing was made a unitary hearing in which evidence would be considered as relevant to both the trial court's determination of whether to proceed to adjudication and, if so, the appropriate punishment.

Steve Brasher, a licenced professional counselor with TPMHMR, testified regarding a diagnostic impression that he performed on appellant. Before Brasher testified that appellant did not exhibit enough symptoms to qualify for a diagnosis of major depression, bipolar disorder or schizophrenia, appellant objected contending that no reliable foundation had been laid to establish that Brasher's opinion was a reliable opinion. The trial court overruled appellant's objection. Following the court's ruling, Brasher testified as to the symptoms appellant exhibited during Brasher's evaluation, why those symptoms failed to correlate to diagnoses of major depression and bipolar disorder, and that appellant's

2

symptoms indicated a personality disorder rather than a mental condition. Appellant did not object to any of this testimony. However, when the State inquired about a second evaluation that Brasher performed on appellant, appellant objected stating that Brasher's opinion was speculative and not based on a reliable foundation. Again, the trial court overruled appellant's objection. Brasher further testified that appellant did not qualify for TPMHMR services.

The psychologist appointed by the trial court, Dr. Stephen Schneider, testified that he did not believe that appellant had the ability to know right from wrong at the time of the commission of the aggravated assault if he was not on the appropriate medication at the time of that offense. Schneider also explained that Brasher's conclusions were the result of only a cursory examination and that it lacked objectivity because Brasher did not utilize any testing. Schneider opined that appellant suffers from a post-traumatic stress disorder that is accompanied by a major depressive disorder that is recurrent and severe.

At the close of the unitary hearing, the trial court found three of the alleged violations to be true and adjudicated appellant guilty of the offense of aggravated assault. The court then sentenced appellant to ten years incarceration. Appellant made no request for the trial court to order a presentence investigation (PSI).

By two issues, appellant appeals. Appellant contends that the trial court erred in (1) considering Brasher's expert opinion statement and testimony, and (2) sentencing appellant without a PSI. Appellant concedes that this court has no jurisdiction to review the trial court's determination to proceed to adjudication of guilt in this action, see TEX. CODE CRIM.

3

PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2004)[1], and specifies that these issues pertain only to the trial court's sentencing.

By his first issue, appellant contends that the trial court erred in considering Brasher's out-of-court statement[2] and in admitting his expert testimony.

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000); Montgomery v. State, 810 S.W.2d. 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). However, to preserve error for appellate review, the complaining party must make a timely and specific objection at the earliest possible opportunity. See TEX. R. APP. P. 33.1; Armstrong v. State, 718 S.W.2d 686, 699 (Tex.Crim.App. 1985) (op. on reh'g). An appropriately specific objection regarding expert testimony must specify the particular deficiency in the expert's qualifications or the reliability of the expert's opinions. See

---

[1]Further reference to provisions of the Texas Code of Criminal Procedure will be by reference to "article __."

[2]The only reference to an out-of-court statement made by Brasher to the trial court which can be found in the record is in a letter that the trial court sent appellant's trial counsel in which the trial court indicated that Brasher had advised the court that TPMHMR could not offer any services to appellant because, in Brasher's opinion, appellant "was a sociopath who intentionally manipulated the system and that the interests of society would best be served by his incarceration." However, the record does not show that appellant preserved this error, if any, by objecting to the trial court's consideration of Brasher's out-of-court statement. See TEX. R. APP. P. 33.1(a). Further, appellant's brief cites no authority to support his contention that the trial court erred in considering this statement and provides no substantive argument as to how appellant was harmed by the trial court's action. Failure to adequately brief an argument and provide authority to support an issue waives the complaint. See Lawton v. State, 913 S.W.2d 542, 558 (Tex.Crim.App. 1995). Therefore, we will limit our review of appellant's first issue to his contention that the trial court erred in admitting Brasher's expert testimony.

<u>Chisum v. State</u>, 988 S.W.2d 244, 250 (Tex.App.–Texarkana 1998, pet. ref'd).  A general objection that does not specify the particular deficiency of the testimony does not adequately inform the trial court of a complaint upon which it might rule and, thus, does not preserve error in the admission of such expert testimony.  <u>Id</u>.

Appellant's sole objection to Brasher's qualifications and the reliability of his expert opinion testimony was that there was "no reliable foundation" laid for Brasher's opinions. Appellant did not specify in what manner Brasher's expert testimony was deficient.  <u>See</u> <u>Kelly v. State</u>, 824 S.W.2d 568, 573 (Tex.Crim.App. 1992) (indicating that for expert testimony to be reliable the underlying scientific theory must be valid, the technique applying the theory must be valid, and the technique must have been properly applied on the occasion in question).   Thus, we conclude that appellant's "no reliable foundation" objection was too general to advise the trial court of any specific deficiency in Brasher's testimony and did not preserve any error in the trial court's admission of this testimony. <u>See</u> <u>Chisolm</u>, 988 S.W.2d at 250.

Further, appellant failed to preserve any error in the admission of Brasher's opinion testimony by not repeatedly objecting to the same or similar testimony.  Without a hearing outside of the presence of the jury, a request for a running objection, or repeated objections, any error in the admission of testimony over a proper objection is not preserved when the same or similar testimony is admitted through the same witness without objection. <u>See</u> <u>Ethington v. State</u>, 819 S.W.2d 854, 859-60 (Tex.Crim.App. 1991).  In the present case, appellant objected when Brasher offered his opinion that appellant did not exhibit enough symptoms for a diagnosis of a mental condition.  However, following this objection,

Brasher testified that appellant did not exhibit enough symptoms to qualify for a diagnosis of major depression or bipolar disorder and that the symptoms that he did exhibit would indicate a personality disorder rather than mental impairment. Appellant did not object to this subsequent testimony. Because we conclude that this subsequent testimony was the same or similar to the testimony that appellant did object to, appellant's failure to repeatedly object to this evidence failed to preserve any error arising from the trial court overruling appellant's initial objection. See TEX. R. APP. P. 33.1; Ethington, 819 S.W.2d at 859-60. We overrule appellant's first issue.

By his second issue, appellant contends that the trial court erred by sentencing him without first ordering a PSI. Article 42.12, section 9(a) indicates that, with certain exceptions, before the imposition of sentence in a felony case, the trial court shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information requested by the judge. However, a trial court is not required to order a PSI if not requested by the defendant and if the only available punishment is imprisonment. See article 42.12, § 9(g)(3). If a defendant is convicted of a felony who appears to the trial court, or on suggestion of a party, to have a mental impairment, any PSI ordered shall include a psychological evaluation. See article 42.12, § 9(i).

In the present case, appellant never requested the trial court order a PSI, so the mandatory duty arising upon such a request was not triggered by appellant. Appellant, in his judicial confession, admitted that he had committed each and every allegation contained

6

in the indictment. The indictment alleged that appellant committed aggravated assault while using and exhibiting a motor vehicle as a deadly weapon. The trial court's judgment finds appellant guilty of aggravated assault and includes an affirmative finding that he used or exhibited a deadly weapon. The trial court's adjudication of appellant's guilt and affirmative finding that appellant used or exhibited a deadly weapon precluded imposition of community supervision. See article 42.12, § 3g(a)(2); Whitelaw v. State, 29 S.W.3d 129, 132 n.13 (Tex.Crim.App. 2000). Thus, the only punishment available to the trial court was imprisonment. We, therefore, conclude that the trial court's sentencing of appellant without first requesting a PSI falls squarely within the statutory exception contained in article 42.12, section 9(g)(3) and did not constitute error.

Appellant relies upon Garrett v. State, 818 S.W.2d 227, 229 (Tex.App.–San Antonio 1991, no writ), for the proposition that a PSI is mandatory in a felony case in which it appears to the trial court or a party suggests that the defendant may have a mental impairment. However, Garrett involved a case under the prior version of article 42.12, section 9(i). Section 9(i)[3], as it existed at the time Garrett was decided, required that a PSI be conducted and that the PSI include a psychological evaluation when the defendant may have a mental impairment. See Holloman v. State, 942 S.W.2d 773, 776 (Tex.App.–Beaumont 1997, no writ). The current version of section 9(i) now requires that, if a trial court is otherwise required to order a PSI or does so in its own discretion, then the PSI must contain a psychological evaluation of the defendant if the defendant appears to

---

[3]Act of June 15, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3498, 3503, amended by Act of August 29, 1991, 72nd Leg., 2d C.S., ch. 10, § 16.01, 1991 Tex. Gen. Laws 213.

have a mental impairment. <u>Id</u>. The most significant change made to the section by the 1991 amendment is the removal of the language indicating that a PSI "shall be conducted" when a felony offender appears to suffer from a mental impairment. <u>Id</u>. As section 9(i) has been amended to remove the language mandating the preparation of a PSI, we conclude that <u>Garrett</u> is inapposite.

As appellant has failed to establish that the trial court had a duty to order a PSI before sentencing appellant, we overrule appellant's second issue.

We affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.


8