

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00830-CR

David M. **FONTANES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR6719
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: January 30, 2019

AFFIRMED AS MODIFIED

Appellant David M. Fontanes was charged by indictment, in Cause No. 2016-CR-6719, with three counts of assault. Under a plea bargain agreement, the State proceeded on counts II and III only. On October 17, 2016, Fontanes pled guilty to Count II, assault family violence, second offense; and to Count III, assault, bodily injury to a child. He was convicted and sentenced on both counts with his sentences to run concurrently. His sentences were suspended, and he was placed on community supervision.

After Fontanes committed another assault—which violated his community supervision Condition #1—the State moved to revoke his community supervision. Fontanes pled true to violating Condition #1. The trial court granted the State's motion and revoked Fontanes's community supervision. The trial court sentenced Fontanes to confinement in the Texas Department of Criminal Justice—Institutional Division for a term of three years.

Fontanes timely filed a notice of appeal. Later, during an abandonment hearing pertaining to Fontanes's first court-appointed appellate counsel, Fontanes appeared by telephone and stated his desire to abandon the appeal. The trial court found that Fontanes did not desire to prosecute his appeal, his first court-appointed appellate counsel had abandoned the appeal, and it appointed the Bexar County Public Defender's Office to represent Fontanes on appeal. BCPDO sent Fontanes a motion to dismiss the appeal for Fontanes's signature, but Fontanes never returned the motion. After Fontanes did not respond, BCPDO filed an *Anders* brief.

### COURT-APPOINTED APPELLATE COUNSEL'S *ANDERS* BRIEF

Fontanes's appellate counsel (BCPDO) filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In the brief, counsel recites the relevant facts with citations to the record. Given Fontanes's plea bargain agreement, counsel analyzes the record with respect to Fontanes's plea of true to committing a new assault—which violated community supervision Condition #1, trial counsel's advice to Fontanes to plead true, trial counsel's effectiveness, and any potential jurisdictional defects. Appellate counsel concludes the appeal is frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We conclude appellate counsel's brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Fontanes with

a copy of the brief and counsel's motion to withdraw, and informed Fontanes of his right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel advised Fontanes of his right to request a copy of the record and provided Fontanes with a motion to request a copy of the record that lacked only the date and Fontanes's signature. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Counsel also advised Fontanes of his right to file a pro se brief.

On September 12, 2018, after the State filed its brief waiver, this court advised Fontanes that if he wished to file a pro se brief, he must do so by October 12, 2018. Fontanes did not request a copy of the appellate record or file a pro se brief.

### CONCLUSION

Having reviewed the entire record and the *Anders* brief, we agree with Fontanes's appellate counsel that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We also agree with appellate counsel that the judgment pertaining to Count III is inaccurate and must be modified. *See* TEX. R. APP. P. 43.2 (modifying judgments); *Morris v. State*, 496 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) ("Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record.").

The judgment for Count III, Judgment Revoking Community Supervision dated November 16, 2017, incorrectly identifies the charged offense as assault, family violence, second offense. *See* TEX. PENAL CODE ANN. § 22.01(B). The State's indictment and Appellant's judicial confession conclusively establish that for Count III, Fontanes pled guilty to assault, bodily injury to a child. *See id.* § 22.04(a)(3), (f).

We modify the first page of the trial court's judgment for Count III, Judgment Revoking Community Supervision dated November 16, 2017, as follows:

- under "Statute for Offense," we delete the text "22.01(B) TPC," and we insert the text "22.04(a)(3), (f) TPC," and
- under "Offense for which Defendant Convicted," we delete the text "ASSAULT-FAMILY-2ND OFFENSE," and we insert the text "ASSAULT-BI-CHILD."

We affirm the trial court's judgment for Count II; we affirm the trial court's judgment for Count III as modified. We grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Fontanes wish to seek further review of this case by the Court of Criminal Appeals, he must file a petition for discretionary review either through a retained attorney or by representing himself. Any petition for discretionary review must be filed within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *Id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *Id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH