

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00404-CR

Maxwell Lynn **JORDAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR1752
Honorable Joey Contreras, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: April 10, 2019

AFFIRMED AS MODIFIED

Appellant appeals from an order adjudicating his guilt, revoking his community supervision, and sentencing him to fourteen-years' confinement and a fine. Having reviewed counsel's *Anders* brief, Appellant's pro se brief, and the record, we affirm the trial court's judgment.

## BACKGROUND

Appellant Maxwell Lynn Jordan was charged by indictment with one count of aggravated assault with a deadly weapon. Under a plea agreement, he pled nolo contendere to the charge. In

August 2015, the trial court deferred adjudication, placed him on community supervision for a period of five years, imposed a $2,000 fine, and ordered restitution of $1,600.

The State moved to revoke his community supervision and adjudicate his guilt. At a hearing on the motion to revoke, Jordan pled true to violating conditions 2 and 5 of his community supervision. The trial court found that Jordan had violated the terms of his community supervision. It adjudicated him guilty, revoked his community supervision, and sentenced Jordan to confinement in the Texas Department of Criminal Justice—Institutional Division for a period of fourteen years, with credit for time served.

Jordan timely filed a pro se notice of appeal. The trial court appointed appellate counsel, and court-appointed counsel filed an *Anders* brief. Jordan also filed a pro se brief.

## COURT-APPOINTED APPELLATE COUNSEL'S *ANDERS* BRIEF

Jordan's appellate counsel filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In the brief, counsel recites the relevant facts with citations to the record.

Counsel reviewed the entire record, including the hearing on the State's motion to revoke. Counsel asserts that Jordan was represented by counsel at the hearing, was of sound mind, and pled true to violating two conditions of his community supervision. The trial court found that Jordan had violated those conditions, and counsel notes Jordan's plea of true is sufficient evidence to support the trial court's revocation order. Counsel observed that Jordan's sentence was roughly in the middle of the sentencing range and it provides no basis for an appeal. Counsel also considered whether trial counsel provided ineffective assistance or there were any jurisdictional defects.

Based on her review, counsel determined that there are no arguable errors in the trial court's revocation of Jordan's community supervision, its adjudication of his guilt, or its sentence imposed

on Jordan. Counsel concludes Jordan's appeal is frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We conclude appellate counsel's brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Jordan with a copy of the brief and counsel's motion to withdraw, and informed Jordan of his right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel advised Jordan of his right to request a copy of the record and provided Jordan with a motion to request a copy of the record that lacked only the date and Jordan's signature. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Jordan received a copy of the record and filed a pro se brief.

### APPELLANT'S PRO SE BRIEF

In his pro se brief, Jordan raises six issues. He contends the State withheld *Brady* material, the prosecutor made improper and inaccurate comments during the plea agreement hearing, the trial court erred by denying his motion for new trial from the plea agreement hearing, he was denied a separate punishment hearing, he received ineffective assistance of counsel during the hearing on the State's motion to revoke, and there are defects in the appellate record. Jordan's pro se brief presents no arguable grounds for appeal.

### CLERICAL ERROR IN JUDGMENT

As part of our review, we observed that the judgment does not conform to the trial court's sentence pronounced in open court. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) ("When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls."). At the sentencing hearing, the trial court ordered restitution of $1,600.00, but the trial court's judgment

orders restitution of $16,000.00. The written judgment is inaccurate and must be modified. *See* TEX. R. APP. P. 43.2(b) (modifying judgments); *Thompson*, 108 S.W.3d at 290 ("The solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced."); *Morris v. State*, 496 S.W.3d 833, 835–36 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) ("Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record.").

We modify the first page of the trial court's Judgment Adjudicating Guilt dated May 31, 2018, as follows: under the heading "<u>Restitution</u>:" we delete the text "$16,000.00" and we insert the text "$1,600.00." *See Thompson*, 108 S.W.3d at 290; *Morris*, 496 S.W.3d at 835–36. We make no other changes to the judgment.

CONCLUSION

Having reviewed the entire record, the *Anders* brief, and the pro se brief, we conclude that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the trial court's judgment as modified and we grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Appellant wish to seek further review of this case by the Court of Criminal Appeals, he must file a petition for discretionary review either through a retained attorney or by representing himself. Any petition for discretionary review must be filed within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal

Appeals. *Id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements

of Rule 68.4 of the Texas Rules of Appellate Procedure. *Id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH