Opinion issued June 21, 2016



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-14-00511-CR

————————————

**STEPHEN LARS MORRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1384125**

---

### O P I N I O N

Appellant Stephen Lars Morris was charged with the first-degree felony offense of aggravated assault of a family member by causing serious bodily injury with a deadly weapon. Without an agreement as to punishment, Morris pleaded guilty to the reduced second-degree felony offense of aggravated assault of a

family member with a deadly weapon. Following preparation of a presentence investigation ("PSI") report and hearing, the trial court sentenced Morris to 20 years' confinement in the Texas Department of Criminal Justice, Institutional Division. On appeal, Morris (1) contends that the trial court violated article 42.12, section 9(i) of the Texas Code of Criminal Procedure by failing to require that the PSI report's psychological evaluation include an adaptive behavior score and (2) asks that we reform the trial court's judgment to reflect that he has the right of appeal. We modify the judgment as requested and affirm the trial court's judgment as modified.

## Background

On April 13, 2013, Morris visited Edna Blair at her apartment. Blair testified during the sentencing hearing that she had ended her relationship with Morris the day before, and Morris was angry that she did not want to resume the relationship. She testified that Morris had been packing his things in the bedroom as she stood at her front door on the phone when Morris rushed out of the bedroom and started stabbing her. Blair fell to the floor, and Morris continued to stab her. Blair testified that she managed to get to her neighbor's door, where she collapsed, and Morris continued to attack her.

Blair's neighbor, Jesse Smith, testified during the sentencing hearing that he was home that evening with Lakisha Cox, and they both went to his front door

2

after hearing a loud bang on the wall. Smith testified that, upon opening his front door, he saw Blair on the ground at his doorstep and Morris standing over Blair stabbing her repeatedly. Smith told Morris to get off Blair, and Morris "politely just got up and walked to [Blair's apartment], went in the [apartment], and closed the door." By that time, Morris had stabbed Blair over 30 times all over her body, including her face, neck, arms, torso, and back. Smith called 911 and attempted to tend to Blair's injuries. When he saw Morris leaving Blair's apartment, he told Cox to watch where he went.

Houston police officers apprehended Morris shortly thereafter at a nearby convenience store. Morris was returned to the scene for a show-up identification, and both Smith and Cox positively identified Morris as the man they saw stabbing Blair on their doorstep. Officers arrested Morris for aggravated assault of a family member by causing serious bodily injury with a deadly weapon.

Morris filed pretrial motions requesting a psychiatric examination by the Harris County Forensic Psychiatric Services to determine Morris's sanity and the appointment of an expert to conduct an independent psychological evaluation. By one such motion, Morris alleged, in part, that he "suffers from diminished mental capacity and PTSD."

On April 1, 2014, Morris pleaded guilty to the reduced charge of aggravated assault of a family member using a deadly weapon. By agreement of the parties, a

3

PSI report was requested prior to sentencing. Morris's trial counsel did not make any objections to the PSI report at the sentencing hearing.

During the sentencing hearing, in addition to testimony detailing the charged offense, the trial court heard testimony concerning Morris's personal and family history. Morris's mother testified that he was tested in elementary school and determined to be intellectually disabled. Dr. Cassandra Smisson, a clinical psychologist, testified concerning tests that she administered, including an assessment of Morris's intellectual functioning. Based on those tests, Dr. Smisson testified that Morris's IQ was measured at 66, an extremely low range of intellectual functioning. Dr. Smisson testified that she was unable to make a formal diagnosis of Intellectual Disability because she did not have an opportunity to measure Morris's adaptive functioning.

The trial court assessed punishment at confinement in the Texas Department of Criminal Justice, Institutional Division, for 20 years.

### Right of Appeal

In his second issue, Morris asks that we reform the trial court's written judgment to remove the special finding which states "APPEAL WAIVED, NO PERMISSION TO APPEAL GRANTED," because he did not waive his right to appeal. The State agrees that Morris did not waive his right to appeal and that the trial court's written judgment should be reformed as requested.

4

"An appellate court has the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet ref'd)); *see also* TEX. R. APP. P. 43.2(b) ("The court of appeals may . . . modify the trial court's judgment and affirm it as modified"). The authority of the courts of appeals to reform judgments is not limited to mistakes of a clerical nature. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). "Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record." *Asberry*, 813 S.W.2d at 529.

On Morris's motion, we abated this appeal and remanded to the trial court to determine whether there was a valid waiver of appeal. On remand, the trial court determined that Morris had not pleaded guilty in exchange for the reduced charge and there was no sentencing recommendation when Morris pleaded guilty. *See* TEX. R. APP. P. 25.2(a)(2). There is no indication in the record that Morris otherwise waived his right to appeal. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (providing that "a defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not

5

agreed upon, where consideration is given by the State for that waiver"). The trial court executed a new certification indicating that this is not a plea-bargain case and Morris has the right of appeal. In light of the trial court's corrected certification and the record on abatement, we agree that Morris did not waive his right to appeal and that the trial court's judgment should be modified to delete the special finding that Morris waived his right to appeal. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) ("[A]n appellate court has authority to reform a judgment . . . to make the record speak the truth . . . .").

We sustain Morris's second issue.

### Adequacy of Psychological Evaluation

In his first issue, Morris contends that the trial court erred in failing to require that that the PSI report's psychological evaluation include an adaptive behavior score, as prescribed by Article 42.12, section 9(i) of the Texas Code of Criminal Procedure.

### A.    Applicable Law

Before a trial court may impose a sentence on a defendant in a felony case, the Texas Code of Criminal Procedure requires the trial court to direct a probation officer to prepare and provide a written PSI report. TEX. CODE CRIM. PROC. art. 42.12 § 9(a). In certain cases, the PSI report must include a psychological

evaluation which determines the defendant's IQ and adaptive behavior score. *Id.* §

9(i). Article 42.12, section 9(i) provides:

> A presentence investigation conducted on any defendant convicted of
> a felony offense who appears to the judge through its own observation
> or on suggestion of a party to have a mental impairment shall include
> a psychological evaluation which determines, at a minimum, the
> defendant's IQ and adaptive behavior score. The results of the
> evaluation shall be included in the report to the judge as required by
> Subsection (a) of this section.

*Id.*

Even in felony cases, the right to have a trial court order preparation of a PSI

report may be forfeited by inaction. *See Griffith v. State*, 166 S.W.3d 261, 263

(Tex. Crim. App. 2005) (holding that defendant may waive right to preparation of

PSI report required by article 42.12, section 9(a)); *Jimenez v. State*, 446 S.W.3d

544, 550 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (considering whether

appellant preserved claim that trial court erred in not ordering PSI report required

by article 42.12, section 9(a)); *Wright v. State*, 873 S.W.2d 77, 83 (Tex. App.—

Dallas 1994, pet. ref'd) (holding that right to a PSI report provided for by article

42.12, section 9(a) is subject to procedural default and may be forfeited by

inaction). Likewise, "[t]he right to a psychological evaluation may be

forfeited . . . ." *Welch v. State*, 335 S.W.3d 376, 382 (Tex. App.—Houston [14th

Dist.] 2011, pet. ref'd) (citing *Summers v. State*, 942 S.W.2d 695, 696–97 (Tex.

App.—Houston [14th Dist.] 1997, no pet.)).

"To preserve error, a party must specifically object to the omission of a psychological evaluation from the presentence investigation report." *Id.* (citing *Nguyen v. State*, 222 S.W.3d 537, 542 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd); *see also Brand v. State*, 414 S.W.3d 854, 856 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (concluding that appellant waived error by "not challeng[ing] either the general adequacy of the PSI or its specific failure to include a more complete psychological evaluation").

## B. Analysis

Morris complains that the trial court erred in failing to require that the PSI report include an adaptive behavior score. Morris acknowledges that his trial counsel failed to object to the omission and further acknowledges that several courts of appeal have held that error in considering an incomplete report under article 42.12, section 9(i) is waived if not objected to at trial. *See e.g.*, *Wright*, 873 S.W.2d at 83, *Nguyen*, 222 S.W.3d at 542. Nonetheless, Morris argues that, under *Garrett v. State*, 818 S.W.2d 227 (Tex. App.—San Antonio 1991, no pet.), which he contends has been cited with approval by this Court, the mandatory provisions of article 42.12, section 9(i) are not forfeited by a failure to object to a trial court's noncompliance.

In *Garrett*, the San Antonio Court of Appeals considered whether the trial court erred in failing to order that a PSI report including a psychological evaluation

be prepared prior to sentencing where the record reflected that the defendant may have suffered from mental impairment. *Garrett*, 818 S.W.2d at 228. The State argued that Garrett waived any complaint under article 42.12, section 9(i) by failing to object to the lack of a PSI report. *Id.* at 229. The San Antonio court observed that the provisions of article 42.12, section 9(i) constitute an express legislative mandate, which courts may not judicially rewrite. *Id.* Thus, the court concluded that, if evidence of mental impairment exists, the mandatory provisions of article 42.12, section 9(i) cannot be forfeited by a defendant's failure to object. *Id.*

Contrary to the holding in *Garrett*, other Texas courts of appeals, including this Court, have more recently held that complaints concerning the absence of a PSI report or challenges to the adequacy of a psychological evaluation are subject to procedural waiver. *See, e.g.*, *Brand*, 414 S.W.3d at 854 (concluding that appellant waived complaint on appeal by failing to "challenge either the general adequacy of the PSI or its specific failure to include a more complete psychological evaluation"); *Welch,* 335 S.W.3d at 382 (explaining that "right to a psychological evaluation may be forfeited, just as the right to a presentence investigation generally"); *Nguyen*, 222 S.W.3d at 542 (holding that trial court error in not ordering a psychological evaluation is waived if not objected to at trial).

For instance, in *Nguyen*, our sister court held that a "failure to object at trial results in waiver on appeal of the trial court's error in not ordering a psychological evaluation." *Nguyen*, 222 S.W.3d at 542. Though competency and sanity evaluations had been conducted prior to Nguyen's sentencing, neither contained an IQ or adaptive behavior score, and Nguyen argued, in part, that the trial court erred by not including an adequate psychological evaluation in the PSI report itself. *Id.* at 541. The Fourteenth Court of Appeals reasoned that, because a psychological evaluation is merely part of a PSI report and a defendant can waive the right to object when no PSI report is prepared, it follows that a defendant can waive the right to complain about the omission of part of the PSI report. *Id.* ("The right to a *part* of the whole should not be given more protection than the right to the whole."). Thus, the court concluded that, notwithstanding its directory language, the provisions of art. 42.12, section 9(i) are subject to procedural default. *Id.* Because the record showed that Nguyen "failed to object at or after the sentencing hearing to the [trial] court's failure to order a report under section 9(i), or to the failure of the competency and sanity evaluations to contain either an IQ score or an adaptive behavior score," any such error was waived. *Id.* at 542 (citing Tex. R. App. P. 33.1(a)).

We find the reasoning of *Nguyen* persuasive. To the extent that *Garrett* directs a different result, we decline to follow it. Morris acknowledges and the

10

record shows that defense counsel failed to object at or after the sentencing hearing to the omission of an adaptive behavior score from the PSI report. Accordingly, any error in omitting an adaptive behavior score is waived. TEX. R. APP. P. 33.1(a); *Brand*, 414 S.W.3d at 856; *Nguyen*, 222 S.W.3d at 542.

We overrule Morris's first issue.

## Conclusion

We modify the trial court's judgment to strike the erroneous special finding stating "APPEAL WAIVED, NO PERMISSION TO APPEAL GRANTED," and affirm the trial court's judgment as modified.


Rebeca Huddle
Justice

Panel consists of Justices Keyes, Brown, and Huddle.

Publish. TEX. R. APP. P. 47.2(b).

11