

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00605-CR

Joe **GUTIERREZ** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 14-11-0223-CRA
Honorable Donna S. Rayes, Judge Presiding[1]

PER CURIAM

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed:  February 15, 2017

AFFIRMED AS MODIFIED

      Appellant Joe Gutierrez Jr. was charged by indictment with three separate counts of aggravated sexual assault of a child younger that fourteen years of age, "a felony of the first degree." *See* TEX. PENAL CODE ANN. § 22.021(a), (e) (West Supp. 2015). After Appellant's court-appointed counsel reviewed the waivers and admonishments with Appellant, the trial court also admonished Appellant regarding his open plea for each count. In open court, Appellant stated he

---

[1] The Honorable Russell Wilson, Presiding Judge of the 218th Judicial District Court, conducted the plea hearing. The Honorable Donna S. Rayes signed each of the three judgments.

understood his pleas and, for each count, he pled nolo contendere to the lesser-included offense of indecency with a child by sexual contact, "a felony of the second degree." *See id.* § 21.11(a)(1). Appellant also pled true to the indictment's allegation that he had one prior felony conviction, which enhanced the punishment range to that of a first-degree felony. *See id.* § 12.42(b); *Jones v. State*, 488 S.W.3d 801, 803, n.2 (Tex. Crim. App. 2016).

For each count, the trial court signed a judgment that correctly recites the following:

- the title of the offense: "INDECENCY WITH A CHILD BY SEXUAL CONTACT";
- the applicable statute for the offense: "21.11 Penal Code";
- the punishment and place of confinement: "FORTY (40) YEARS INSTITUTIONAL DIVISION, TDCJ" with the sentences to run concurrently; and
- other relevant information.

In Appellant's brief, he raises a single issue; he argues the trial court's judgments incorrectly show the degree of offense as a first-degree felony. Appellant asks this court to reform the judgment for each count to indicate that Appellant was convicted of a second-degree felony, not a first-degree felony.

The State agrees that each judgment incorrectly states the degree of offense as first-degree felony. In an unopposed motion, the State moves this court to abate the appeal and remand the cause to the trial court for it to reform each judgment nunc pro tunc to indicate the degree of offense as a second-degree felony.

This court has the authority to correct errors in judgments by modifying the judgments. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Morris v. State*, 496 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) ("'Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record.'" (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)).

Here, the record conclusively establishes, and the State and Appellant agree, that Appellant pled nolo contendere to three separate counts of the lesser-included offense of indecency with a child by sexual contact. The degree of offense defined by statute is "a felony of the second degree." *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (d); *Juarez v. State*, 198 S.W.3d 790, 791 n.1 (Tex. Crim. App. 2006). The judgments do not accurately indicate the degree of offense.

In the interest of judicial economy, we grant in part the State's motion. *See Bigley*, 865 S.W.2d at 27–28; *Morris*, 496 S.W.3d at 836. We modify the language on the first page of each judgment under the heading "Degree of Offense" that reads "1ST DEGREE FELONY" to read "2ND DEGREE FELONY." We do not modify any other language in the judgments.

We affirm the trial court's judgments as modified.

PER CURIAM

DO NOT PUBLISH