

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00032-CR

———————————————————

TAMAR WEATHERS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1533124D

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Without an agreed sentencing recommendation, Appellant Tamar Weathers pleaded guilty to aggravated assault of a family member causing serious bodily injury with a deadly weapon, a first-degree felony. *See* Tex. Penal Code Ann. § 22.02(b)(1). A presentence investigation report (PSI) was prepared. The trial court admitted the PSI into evidence during the sentencing hearing, along with crime-scene photographs and the victim's medical records. The trial court also heard testimony from the lead detective on the case and from Weathers's victim. At the hearing's conclusion, the trial court sentenced Weathers to 15 years' confinement. Weathers has appealed.

In his sole point of error, Weathers complains that the trial court erred by proceeding with sentencing because the PSI did not include a psychological evaluation that included his IQ and adaptive-behavior score. *See* Tex. Code Crim. Proc. Ann. art. 42A.253(a)(6) (requiring PSI to include "the results of a psychological evaluation of the defendant that determines, at a minimum, the defendant's IQ and adaptive behavior score" if the defendant is convicted of a felony and "appears to the judge, through the judge's own observation or on the suggestion of a party, to have a mental impairment").

Although the statute requires such information, its mere absence from the PSI does not end the inquiry: to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P.

33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Here, Weathers's attorney stated, "No objection," when the State offered the PSI.

By failing to object to the PSI's omission of a psychological evaluation that included his IQ and adaptive-behavior score, Weathers forfeited his complaint. *See, e.g.*, *Cain v. State*, 525 S.W.3d 728, 730–31 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (concluding that a defendant's right to psychological evaluation does not rise to the level of a systemic right and that by failing to object to its absence, a defendant waives his right to complain about psychological evaluation's being left out of his PSI); *Morris v. State*, 496 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (stating that "complaints concerning the absence of a PSI report or challenges to the adequacy of a psychological evaluation are subject to procedural waiver"); *Nguyen v. State*, 222 S.W.3d 537, 542 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (holding that "the failure to object at trial results in waiver on appeal of the trial court's error in not ordering a psychological evaluation"); *see also Eldridge v. State*, No. 2-09-050-CR, 2009 WL 3819579, at *1 (Tex. App.—Fort Worth Nov. 12, 2009, no pet.) (mem. op., not designated for publication) (relying on *Nguyen* in holding that by not objecting to PSI, appellant did not preserve complaint that trial court failed to order psychological evaluation).[1]

---

[1]Under the law applicable in these cases, the psychological-evaluation requirement was contained in article 42.12, section 9(i) of the Texas Code of Criminal Procedure. Effective September 1, 2017, the legislature repealed and recodified article 42.12 into its own chapter, chapter 42A. *See* Act of May 26, 2015, 84th Leg., R.S., ch.

Accordingly, we overrule Weathers's sole point, and we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2019

---

770, §§ 3.01, 4.02, 2015 Tex. Sess. Law Serv. 2320, 2394. The substantive content of article 42.12, section 9(i) referenced in these cases survived the repeal and recodification and is currently found in article 42A.253(a)(6). *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 1.01, art. 42A.253(a)(6), 2015 Tex. Sess. Law Serv. 2320, 2333 (current version at Tex. Code Crim. Proc. Ann. art. 42A.253(a)(6)).