# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00787-CR

---

**Emmanuel Grear, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-DC-15-204897, THE HONORABLE KAREN SAGE, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Emmanuel Grear was charged with aggravated robbery. *See* Tex. Penal Code §§ 29.02-.03. Per a plea-bargain agreement, Grear agreed to plead guilty in exchange for the State reducing the charged offense of aggravated robbery to robbery. *See id.* The district court found that there was sufficient evidence to find Grear guilty of robbery, deferred his adjudication of guilt, and placed him on community supervision for ten years. *See* Tex. Code Crim. Proc. art. 42A.101. Approximately a year later, the State filed a motion to revoke Grear's community supervision and to adjudicate his guilt. The State's motion contained twenty-five paragraphs alleging that Grear violated the conditions of his community supervision in multiple ways, including by committing subsequent offenses. After hearing testimony at the adjudication hearing, the district court found the following allegations to be true: Grear "failed to avoid the use of all narcotics, habit forming drugs, alcoholic beverages, and controlled substances" as evidenced by his testing positive for marijuana on two occasions; "failed to report to the supervision office

as directed" on five occasions; "failed to submit a urine or breath specimen for the random UA program on" eight occasions; failed to pay court costs, restitution, a crime-stopper fee, and an arrest fee; and "failed to complete 250 hours of Community Service Restitution." The district court granted the State's motion, adjudicated Grear guilty of robbery, revoked his community supervision, and assessed his punishment at eighteen years' imprisonment. *See id.* arts. 42A.751, .755; Tex. Penal Code § 12.33. Grear appeals the district court's judgment adjudicating his guilt.

Grear's court-appointed attorney on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Grear's counsel has represented to the Court that he provided copies of the motion and brief to Grear; advised Grear of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided Grear with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Although Grear was given a copy of the appellate record, he has not filed a pro se brief, and the time permitted to file a brief has expired.

After independently reviewing the record, we have found nothing in the record that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. Accordingly, we agree with counsel that the appeal is frivolous and without merit and grant

counsel's motion to withdraw. However, although the issue was not raised by Grear's counsel, we observe that the district court's judgment contains a clerical error. The district court's judgment states that Grear's "Plea to Motion to Adjudicate" was "TRUE," but the record from the adjudication hearing shows that Grear entered plea of "not true" to all of the State's allegations. This Court has the authority to modify incorrect judgments when it has the information necessary to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). In fact, "[a]ppellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record." *Morris v. State*, 496 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). Accordingly, we modify the judgment to reflect that Grear entered a plea of "NOT TRUE."

As modified, we affirm the district court's judgment adjudicating Grear's guilt.

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Goodwin and Baker

Modified and, as Modified, Affirmed

Filed: October 29, 2019

Do Not Publish