

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00210-CR
No. 02-21-00211-CR

———————————————

BRIAN RENFROW, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court Nos. 1642460D, 1657340D

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

## I. Introduction

Appellant Brian Renfrow made a nonnegotiated plea of guilty to third-degree-felony possession of a controlled substance (methamphetamine, between one and four grams), *see* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(c), and to third-degree-felony evading arrest or detention with a vehicle, *see* Tex. Penal Code Ann. § 38.04(b). Each of Renfrow's indictments contained a habitual-offender notice alleging two prior and sequential felony offenses, increasing the offenses' third-degree-felony punishment range of two to ten years, *see id.* § 12.34, to twenty-five to ninety-nine years or life, *see id.* § 12.42(d). At the sentencing hearing's conclusion, the trial court assessed Renfrow's punishment at twenty-five years' confinement in each case, found true the deadly-weapon allegation in the evading-arrest case, and set Renfrow's sentences to run concurrently.

In two points, Renfrow complains that the trial court erred by substituting appointed counsel at a critical stage of the proceedings and by imposing his sentences without the minimum statutorily required information—a psychological examination—in the presentence investigation report (PSI).

Because the trial court's findings explain counsel's substitution, we overrule Renfrow's first point. We overrule Renfrow's second point for lack of preservation, and we affirm the trial court's judgments.

## II. Background

Renfrow's initial possession complaint recited in a repeat-offender notice that he had a prior felony conviction. *See id.* § 12.42(a) (stating that a third-degree-felony punishment may be enhanced to second-degree-felony punishment, which is two to twenty years, if at trial it is shown that the defendant has previously been finally convicted of an other-than-state-jail felony). On June 15, 2020, the trial court appointed Zachary Ferguson to represent Renfrow in the case. An indictment, filed on August 6, 2020, added another final felony conviction to the enhancement allegation, which again increased the punishment range. *See id.* § 12.42(d).

Thereafter, Renfrow committed evading arrest on September 19, 2020. Three days later, the evading-arrest complaint issued with a deadly-weapon notice and a habitual-offender notice. The trial court appointed Ferguson to represent Renfrow in this case two days later, on the same day that the evading-arrest indictment replaced the complaint. Accordingly, by the time of Ferguson's second appointment, he had been Renfrow's counsel for 101 days. The record does not reflect what actions Ferguson took during this 101-day period.

Less than twenty days after appointing Ferguson to the second case, the trial court appointed Lynda Tarwater to both cases, and the record reflects the motions that she filed over the course of the cases. Renfrow subsequently made his nonnegotiated guilty pleas and pleaded true to the habitual-offender notices and the evading-arrest indictment's deadly-weapon allegation. In his written plea

3

admonishments in each case, Renfrow agreed that he was "mentally competent" and that he was "totally satisfied with the representation given to [him] by [his] counsel," who had "provided [him] fully effective and competent representation." Renfrow acknowledged in his judicial confession that he understood the minimum punishment was twenty-five years' confinement. The trial court made an express finding that Renfrow was mentally competent and deferred his sentencing pending the PSI's preparation.

At the sentencing hearing, Fort Worth Police Officer Benjamin Johnson testified about Renfrow's speeding and erratic driving on September 19, 2020; additionally, his body camera footage, as well as that from another officer on the scene, was admitted into evidence. Renfrow testified that he had been intoxicated when he attempted to evade arrest, having consumed moonshine, methamphetamine, and other controlled substances earlier that day. Renfrow explained that he had not been trying to kill himself but that he was "at the end of [his] wits" and took whatever was offered. He stated that the COVID-19 pandemic had caused him to relapse into drug addiction because he had "thought it was the end of the world."

During cross-examination, Renfrow agreed that four years after being put on probation in 2006, he had been convicted of robbery and sent to the penitentiary in Knoxville, Tennessee. He also agreed that every time he had been given probation, he had failed to complete it by committing additional offenses. In its judgments, the trial court found that Renfrow was mentally competent.

After Renfrow filed these appeals, we abated them for the trial court to make findings regarding Tarwater's appointment, *see* Tex. Code Crim. Proc. Ann. arts. 1.051(k)(1)–(2),[1] 26.04(j)(2),[2] and the parties jointly moved for an extension of time so that the trial court could hold an evidentiary hearing. We granted the motion.

Among the trial court's findings is that the trial court appointed Tarwater to replace Ferguson, who was not on the appointment wheel for offenses higher than second-degree felonies, after Ferguson asked the trial court to allow him to withdraw because the grand jury's indictments had increased the offenses' punishment ranges to those of a habitual offender.[3] The trial court found that replacement of counsel was necessary to ensure Renfrow received effective assistance of counsel and that good

---

[1]Under Code of Criminal Procedure Article 1.051(k), a court may appoint new counsel to represent an indigent defendant if: (1) the defendant is subsequently charged in the case with an offense different from the offense with which the defendant was initially charged; and (2) good cause to appoint new counsel is stated on the record as required by Article 26.04(j)(2). Tex. Code Crim. Proc. Ann. art. 1.051(k).

[2]Article 26.04(j)(2) requires that an appointed attorney "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record." Tex. Code Crim. Proc. Ann. art. 26.04(j)(2).

[3]Ferguson testified that he had asked for Renfrow to be appointed an attorney on the first-degree appointment wheel because of the offenses' enhancement to habitual, which he characterized as "higher than a first-degree." *But see* Tex. Penal Code Ann. § 12.42 (setting out the penalties for repeat and habitual-felony offenders and showing that the change is in punishment, not the offense's degree).

cause existed for appointing Tarwater to replace Ferguson. *See id.* art. 26.04(j)(2). Upon the appeals' reinstatement, the parties filed supplemental briefing.

### III. Discussion

In his first point, Renfrow argues that the trial court erred by appointing different counsel.

The right to assistance of counsel at a critical stage of criminal proceedings is a "waivable" right, which means that the trial court has an independent duty to implement it unless there is an effective express waiver. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014) (describing waivable-only rights); *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014) (holding that the right to counsel at a critical stage of the criminal proceedings must be affirmatively waived and cannot be forfeited by inaction alone). Although an indigent defendant does not have the right to counsel of his own choosing, once counsel is appointed, the trial judge is obliged to respect the attorney-client relationship created through the appointment. *Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992) (orig. proceeding); *see In re Moore*, No. WR-87,158-01, 2018 WL 2716699, at *4 (Tex. Crim. App. June 6, 2018) (orig. proceeding) (not designated for publication) (citing *Buntion* for the proposition that a trial court may overcome the presumption against appointed counsel's removal after an attorney-client relationship has been established when the record shows some "principled reason" for the removal).

6

The supplemental record reflects that the trial court permitted Ferguson to withdraw for good cause, a finding that it made on the record as required by Article 26.04(j)(2) upon our abatement of the appeals.[4] *See* Tex. Code Crim. Proc. Ann. art. 26.04(j)(2). The withdrawal's "principled reason" is that Renfrow was entitled to appointed counsel who was qualified to address his higher punishment threshold as required under the county's indigent-defense plan. *See Moore*, 2018 WL 2716699, at *4. Accordingly, we overrule Renfrow's first point without reaching his Article 1.051(k) arguments. *See* Tex. R. App. P. 47.1.

In his second point, Renfrow argues that the trial court erred by imposing his sentences when the PSI did not contain a psychological evaluation.

Article 42A.253(a)(6) states that a PSI must be in writing and include "the results of a psychological evaluation of the defendant that determines, at a minimum, the defendant's IQ and adaptive behavior score *if* the defendant: (A) is convicted of a felony offense; *and* (B) appears to the judge, through the judge's own observation or on the suggestion of a party, to have a mental impairment." Tex. Code Crim. Proc.

---

[4]In its supplemental letter brief, the State refers us to the Tarrant County District Courts Trying Criminal Cases Felony Court Appointment Plan. We take judicial notice that the plan states, "Qualification for appointments to offenses by the felony appointment wheel *is based on the punishment level of the offense after any enhancements or filing changes that occur after appointment.*" Texas Indigent Defense Commission, Tarrant County Current Indigent Defense Plan (District Court), August 24, 2022, *at* http://tidc.tamu.edu/IDPlan/ViewPlan.aspx?PlanID=117 (emphasis added); *see* Tex. R. Evid. 201; *see also* Tex. Code Crim. Proc. Ann. art. 26.04(e)(2)(B) (addressing appointment lists). Renfrow did not raise a challenge to the county's plan at trial or in his original or supplemental briefs.

Ann. art. 42A.253(a)(6) (emphasis added). The record does not reflect that Renfrow appeared to the trial court to have a mental impairment.

Further, as argued by the State, when the trial court asked the parties if there were any objections to placing the PSI in the clerk's file, Renfrow's counsel replied, "No objection," and she raised no objections to the omission of any information in the PSI. Failure to object to a PSI's omission of a psychological evaluation forfeits the complaint. *Weathers v. State*, No. 02-19-00032-CR, 2019 WL 4010359, at *1 (Tex. App.—Fort Worth Aug. 26, 2019, pet. ref'd) (mem. op., not designated for publication) (citing *Cain v. State*, 525 S.W.3d 728, 730 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) ("[T]o preserve error, a party must specifically object to the omission of a psychological evaluation from a PSI.")); *Morris v. State*, 496 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (same); *Nguyen v. State*, 222 S.W.3d 537, 542 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) ("Because counsel failed to bring the court's attention to these alleged inadequacies of the PSI, any error is waived."); *Eldridge v. State*, No. 2-09-050-CR, 2009 WL 3819579, at *1 (Tex. App.—Fort Worth Nov. 12, 2009, no pet.) (mem. op., not designated for publication) (relying on *Nguyen* to hold appellant failed to preserve objection to PSI's lack of psychological assessment). Accordingly, Renfrow has failed to preserve this complaint for appeal, and we overrule his second point.

## IV. Conclusion

Having overruled both of Renfrow's points, we affirm the trial court's judgments.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 20, 2022