# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-23-00256-CR
NO. 03-23-00257-CR

---

**Richard Lynn Simons, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
NOS. 19-2618-K26 & 22-1629-K26
THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In this Court's cause number 03-23-00256-CR, Richard Lynn Simons appeals from the trial court's judgment adjudicating him guilty of the second-degree felony offense of assault family violence by impeding breathing or circulation with a previous conviction. *See* Tex. Penal Code § 22.01(b-3). In this Court's cause number 03-23-00257-CR, Simons appeals from the trial court's judgment of conviction for the third-degree felony offense of driving while intoxicated (DWI), third or more. *See id.* § 49.09(b). For the following reasons, we modify the judgment adjudicating guilt in this Court's cause number 03-23-00256-CR to correct a clerical error and affirm that judgment as modified, and we affirm the judgment of conviction in this Court's cause number 03-23-00257-CR.

## BACKGROUND

In February 2020, as part of a plea agreement with the State, Simons pleaded guilty and judicially confessed to assault family violence by impeding breathing or circulation. He also pleaded true to a previous conviction for assault family violence. The trial court accepted Simons' guilty plea, took the case under advisement, and had a presentence investigation (PSI) report completed. In July 2020, the trial court held a subsequent hearing on the case. Simons confirmed to the trial court that a PSI report had been completed; that he did not have any objections, additions, or deletions to the report itself; and that he had reviewed the report and the conditions of community supervision with his attorney. The conditions included that Simons abstain from consuming alcoholic beverages and violating state laws. Consistent with the plea agreement between Simons and the State, the trial court signed an order of deferred adjudication, placing him on community supervision for four years with several conditions and imposing a fine of $100.

In October 2020, the State filed its original motion to adjudicate because Simons had violated the conditions of community supervision. On August 14, 2020, Simons had consumed an alcoholic beverage and operated a motor vehicle in a public place while he was intoxicated. In December 2020, the trial court signed an order that continued the deferred adjudication order and the conditions of community supervision but ordered the additional condition that Simons participate in services and treatment with the Travis County SMART Residential and Continuing Care Program.

In March 2023, the State filed its first amended motion to adjudicate guilt, which is the subject of this Court's cause number 03-23-00256-CR. The State moved for the trial court to adjudicate Simons guilty of the assault-family-violence offense because Simons had violated

conditions of the community supervision for a second time. On September 5, 2022, Simons once again consumed an alcoholic beverage and operated a vehicle in a public place while intoxicated. On that day, police officers initiated a traffic stop and conducted a DWI investigation on Simons. As a result of the investigation, Simons was charged with DWI, third or more, which is the subject of this Court's cause number 03-23-00257-CR.

In April 2023, the trial court held a consolidated hearing on the State's amended motion to adjudicate Simons guilty of the assault-family-violence offense and on the pending DWI charge. Simons entered pleas of: (i) true to the violations of the conditions of community supervision alleged in the State's amended motion to adjudicate; (ii) guilty to the DWI charge; and (iii) true to prior DWI convictions. The trial court then proceeded to hear evidence on punishment. The State's witnesses were two police officers who participated in the DWI investigations of Simons in August 2020 and September 2022, and the exhibits admitted during the hearing included the test results showing Simons' blood alcohol concentration at the time of the incidents: (i) 0.245 grams of ethyl alcohol per 100 milliliters of blood in August 2020, and (ii) 0.301 grams of ethyl alcohol per 100 milliliters of blood in September 2022. *See* Tex. Penal Code § 49.02(1)(B) (defining "alcohol concentration" to mean "number of grams of alcohol per . . . 100 milliliters of blood"), (2) (defining "[i]ntoxicated" to mean "having an alcohol concentration of 0.08 or more").

As to the August 2020 incident, the officer testified that a traffic stop was initiated after Simons was observed driving "approximately 96 miles an hour in a 65-mile-an-hour zone," "almost caus[ing] a collision," and making "some erratic lane changes." As to the September 2022 incident, the other officer testified that the traffic stop was initiated after Simons called 911 "for service" because "he was following someone that threatened to blow up the

3

world," and "[t]he dispatcher relayed [to the officer] that [Simons] sounded intoxicated." The State also cross-examined Simons about his prior DWI and family-assault convictions. Simons admitted to at least three prior DWI convictions, starting in 2007; a pending DWI charge in Travis County; prior family-assault convictions, starting in 2008; and a criminal history that included being placed on probation but having the probation revoked and serving time in jail.[1] The State asked the trial court "for revocation and for prison time on both of the cases" of eight years.

Focusing on evidence that Simons had maintained sobriety after his arrest for DWI in September 2022 and his need to work to provide for his teenage son, defense counsel asked the trial court to place him "onto a standard probation" with no jail time on both cases. Simons, who admitted to being an alcoholic, testified that he had completed inpatient treatment and stayed sober after the September 2022 arrest. He completed a 28-day residential program, and from there, he moved to sober living and completed a 12-week intensive outpatient program. He admitted that he had relapsed in the past after completing treatment and testified that his latest treatment was his fourth, but he testified to his belief that "he can be successful on probation." The defense also called other witnesses who testified about his ongoing treatment and support for his alcoholism and his ability to work to provide for his son. Simons is a journeyman electrician.

Following the hearing, the trial court signed the judgment adjudicating Simons guilty of assault family violence by impeding breathing or circulation with a previous conviction

---

[1] As to his second DWI conviction in 2017, Simons testified that he completed a two-year probation that was extended for six months. The DWI that was pending in Travis County was the one that arose from the August 2020 traffic stop and DWI investigation. Simons testified that he was currently on probation for that one at the time of the hearing.

and the judgment of conviction for DWI, third or more. The trial court sentenced Simons to six years' imprisonment in each case, with the sentences to run concurrently. In both cases, Simons filed motions for new trial, which were overruled by operation of law. These appeals followed.

## ANALYSIS

**Challenges to Six Years' Imprisonment**

In his sole point of error in cause number 03-23-00256-CR and his first point of error in cause number 03-23-00257-CR, Simons argues that the sentence of six years' imprisonment was excessive given the respective offenses and the trial court's "failure to order a [PSI] report" as to the DWI conviction under article 42A.252 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 42A.252(a) (requiring trial judge to direct supervision officer to prepare PSI report prior to imposition of punishment that could include community supervision). Simons argues that the failure to complete the PSI report in the companion DWI case "greatly affected the fairness of the ultimate sentence" in the assault-family-violence case and that assuming a PSI report was done in the assault-family-violence case, a second PSI report "would have been helpful in ensuring justice was done."

Simons, however, did not raise a complaint with the trial court about its failure to order a PSI report in the DWI case, and thus, to the extent that he intends to raise an independent claim on that basis, he has failed to preserve this complaint for our review. *See* Tex. R App. P. 33.1(a) (stating required steps to preserve complaints for appellate review); *Morris v. State*, 496 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (observing that Texas courts of appeals have held that complaints concerning absence of PSI report "are subject to procedural waiver"); *Wright v. State*, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd)

5

(concluding appellant waived right to complain on appeal about "non-existence" of PSI report because "appellant failed to draw the trial court's attention to the lack of a PSI report"); *see also Hough v. State*, No. 03-03-00214-CR, 2004 Tex. App. LEXIS 101, at \*4 (Tex. App.—Austin Jan. 8, 2004, pet. ref'd) (mem. op., not designated for publication) ("Appellant failed to object to the court's failure to prepare a PSI report or request that the court do so and therefore waived his right to the use of the report or to complain of its non-existence on appeal."). Because he has failed to preserve this complaint, we do not further address it. *See Diruzzo v. State*, 581 S.W.3d 788, 797 (Tex. Crim. App. 2019) ("Preservation of error is a systemic requirement."); *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) ("If an issue has not been preserved for appeal, neither the court of appeals nor this Court should address the merits of that issue.").

Simons also argues that: (i) as to the DWI judgment of conviction, the punishment of six years' imprisonment was excessive because it "did not allow any further treatment as an option in punishment," and (ii) as to the judgment adjudicating guilt, he "would have benefited from a more rehabilitative approach rather than the punitive punishment [he] received." Simons relies on the "common knowledge" that rehabilitation facilities were closed "during the time [he] was seeking help." Simons argues that "[a]lthough the record is silent on the effects of the changed court procedures due to the pandemic," it was common knowledge that facilities were closed and that, had the resources been available to him, he "would have been more successful in his probation and path toward rehabilitation."

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior

adjudicated and unadjudicated offenses." *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App 2016) (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010))). The Court of Criminal Appeals "has traditionally held that punishment assessed within the statutory limits, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual." *See id.* (citing *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).

As charged, the assault-family-violence offense is a second-degree felony, *see* Tex. Penal Code § 22.01(b-3), and the DWI offense, third or more, is a third-degree felony, *see id.* § 49.09(b). The range of punishment by imprisonment for a second-degree felony is "for any term of not more than 20 years or less than 2 years," *see id.* § 12.33(a), and the range of punishment by imprisonment for a third-degree felony is "for any term of not more than 10 years or less than 2 years," *id.* § 12.34(a). Thus, the trial court assessed sentences that were within the statutory limits for both cases. *See Simpson*, 488 S.W.3d at 323. On this record, we cannot conclude that the sentences were "grossly disproportionate" for his crimes, particularly given the evidence of his criminal history and convictions. The evidence showed that prior to consuming alcohol and driving while intoxicated in September 2022, he already had been given the opportunity of community supervision and treatment instead of imprisonment and that his conduct—such as driving erratically while intoxicated at a high rate of speed—had endangered others. *See id*.

For these reasons, we overrule Simons' sole point of error in cause number 03-23-00256-CR and his first point of error in cause number 03-23-00257-CR.

7

**Voluntariness of Plea**

In his second point of error in cause number 03-23-00257-CR, Simons argues that his guilty plea was not voluntary because he did not understand the consequences of a plea of guilty. He argues that "[a] confusion may have occurred with these two cases being heard together" and that he "should be given the benefit of the doubt given his sentence to the Texas Department of Corrections, Institutional Division rather than an opportunity to obtain more rehabilitation."

A guilty plea must be entered freely and voluntarily. *See* Tex. Code Crim. Proc. art. 26.13(b). "We examine the entire record in assessing the voluntariness of a plea." *Smith v. State*, 609 S.W.3d 351, 353 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam)). "A trial court's proper admonishment of a defendant before a guilty plea is entered creates a prima facie showing that the plea was both knowing and voluntary." *Id.* "The burden then shifts to the defendant to show he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm." *Id.* (citing *Houston v. State*, 201 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2006, no pet.)).

Here Simons does not argue that the trial court improperly admonished him, and the record reflects that the trial court's admonishments complied with article 26.13. *See* Tex. Code Crim. Proc. art. 26.13(a) (listing trial court's required admonishments before accepting guilty plea). The exhibits that were admitted during the hearing included: (i) the trial court's "Admonishments to [Simons] for Plea to Court" in both cases, (ii) the "Adjudication/Revocation Waivers & Agreement" that Simons signed acknowledging his understanding of the consequences of his plea of true to violating the terms of his conditions of community

supervision as to the assault-family-violence offense, and (iii) the "Waivers, Consent, Judicial Confession & Plea Agreement" that Simons signed acknowledging his understanding of the trial court's admonishments and awareness of the consequences of his plea as to the DWI charge. During the hearing, the trial court also confirmed with Simons that he had discussed the written waivers and admonitions with defense counsel before signing them. As to the DWI charge, the trial court confirmed with Simons that he understood the range of punishment by imprisonment was from "2 to 10 years confinement"; that he was waiving certain rights, including the right to a jury trial, the right to remain silent, and the right to cross-examine the State's witnesses; and that he knew that he did not have an agreed punishment with the State but that he wanted to resolve the case by pleading guilty to the DWI charge and true to the prior convictions alleged in the indictment. The trial court then asked Simons questions to confirm his understanding of pleading true to violating the conditions of community supervision as to the assault-family-violence offense. Following this questioning, the trial court found that Simons' "waivers were freely and voluntarily entered."

Having examined the entire record, we conclude that Simons has not shown that he did not understand the consequences of his pleas such that they were involuntarily made and, thus, overrule his second point of error in cause number 03-23-00257-CR. *See Smith*, 609 S.W.3d at 353.

**Clerical Error in Judgment**

In this Court's cause number 03-23-00256-CR, the judgment adjudicating guilt incorrectly lists "22.01(b-2) Penal Code" as the "Statute for Offense." This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R.

App. P. 43.2(b) (authorizing court of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that Texas Rules of Appellate Procedure empower courts of appeals to reform judgments). Accordingly, we modify the judgment adjudicating guilt to reflect that the "Statute for Offense" is "22.01(b-3) Penal Code."[2]

## CONCLUSION

Having overruled Simons' points of error, we modify the judgment adjudicating guilt in this Court's cause number 03-23-00256-CR to correct a clerical error as stated above, affirm that judgment as modified, and affirm the trial court's judgment of conviction in this Court's cause number 03-23-00257-CR.

_____
Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

03-23-00256-CR:  Modified and, As Modified, Affirmed

03-23-00257-CR:  Affirmed

Filed:   June 7, 2024

Do Not Publish

---

[2]  Section 22.01(b-3) of the Texas Penal Code includes assault by impeding normal breathing or circulation of the blood. *See* Tex. Penal Code § 22.01(b-3)(3).