**Opinion issued June 24, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-24-00389-CR**

———————————

**KENRIC HENRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 21-DCR-098040**

---

## MEMORANDUM OPINION

Kenric Henry shot his wife seven times. He then put the firearm to her head and pulled the trigger—but it jammed. He hit her face with the jammed weapon. She survived, but with extensive injuries and permanent damage.

Henry later entered a plea of guilty to first-degree aggravated assault of a family member—causing serious bodily injury with a deadly weapon.[1] The trial court ordered a presentence investigation (PSI). After a punishment hearing, the trial court assessed Henry's punishment at confinement for 30 years and entered an affirmative finding that he used a deadly weapon.

On appeal, Henry contends that the trial court erred in assessing his punishment without a complete PSI report. He complains that the report failed to include the statutorily required psychological evaluation and military history.

We affirm.

## Background

At the punishment hearing, Henry's wife, Tiffeny Henry, testified that she suffered years of abuse by Henry during their marriage. On the day of the shooting, Henry and Tiffeny were at home, arguing about getting a divorce. Tiffeny's two sons were upstairs. Tiffeny went into a bedroom and called her mother. Henry followed her, and the argument continued. While Tiffeny was on the phone, Henry appeared with a firearm and began shooting. He shot her in the stomach twice and five times in the legs—fracturing her right femur. Tiffeny saw one of her sons, C.C.D., in the doorway of the room as Henry held the gun to her head and pulled the trigger. When it failed to fire, he beat her face with the gun. She could "hear the

---

[1] *See* TEX. PENAL CODE § 22.02(b)(1); *see also* TEX. CODE CRIM. PROC. art. 42.013.

2

cracks" in her face. When Henry stopped and walked away, Tiffeny pulled herself under the bed to hide and called 911.

C.C.D. testified that Henry yelled, as he came out of the bedroom, "We all going to die in this bitch." As Henry was reloading the gun, C.C.D. ran to a neighbor's house for help.

The trial court heard testimony regarding Tiffeny's injuries, surgery, lengthy recovery, and permanent numbness in her right foot.

Fort Bend County Corrections Officer M. Lal testified that she conducted a PSI and authored a report. She met with Henry and reviewed his records from the United States Department of Veterans Affairs (VA). The parties stipulated to the PSI report, and the trial court admitted it into evidence.

The PSI report documents the facts of the offense, as given by Henry, Tiffeny, and law enforcement. It also discusses Henry's personal history. It states that he was in the military from 1996 to 2000 and was honorably discharged. It notes that Henry reported having been diagnosed with post-traumatic stress disorder (PTSD), severe depression, anxiety, panic and bipolar disorder, and alcoholism. And he was under the care of a psychiatrist and therapist. The report includes Henry's Texas Risk Assessment System survey results.

The trial court also admitted into evidence a Psychological Evaluation by licensed psychologist Tonya Martin. The 18-page Evaluation includes extensive

discussion of Henry's mental health history and services—based on Martin's review of Henry's VA records and her clinical interview with Henry. It also includes lengthy discussion of Henry's Personality Assessment Inventory (PAI). Henry's military service and its effects on his mental health are also discussed.

During the hearing, the defense called Martin to testify regarding the Evaluation. She noted that it was court-ordered for purposes of the PSI. She discussed Henry's military service—noting that he had experienced significant anxiety from skydiving drills, but that he did not serve in a combat role. According to her review, the VA diagnosed Henry with PTSD, major depressive disorder, and alcohol-abuse disorder. He was on medication and in therapy. Martin also discussed her findings from the PAI. She diagnosed Henry with "alcohol use disorder," major depressive disorder, and "unspecified anxiety disorder." And she "note[d] the prior history of [PTSD]."

The State's rebuttal witness, licensed clinical psychologist Jennie Collins Boyd, testified that the VA records do not reflect a definitive diagnosis of PTSD. Rather, there is a note to "rule-out" PTSD—meaning that it was "to be considered." She clarified that, in the records, *Henry said* that he has PTSD from skydiving drills in the military. And this does not constitute a justification or mitigation factor for shooting a spouse.

4

At the conclusion of the hearing, the trial court sentenced Henry to confinement for 30 years.

## PSI Report

Henry argues that the trial court erred in assessing his punishment based on an incomplete PSI report. He complains for the first time on appeal that "the PSI report failed to include [a] psychological evaluation"—including his IQ and adaptive functioning score—and his military record, in violation of article 42A.253 of the Texas Code of Criminal Procedure.

The State responds that Henry waived his complaint because he failed to raise it in the trial court and instead stipulated to the PSI report.

PSI reports are prepared by supervision officers at the direction of the trial court and contain general punishment-phase evidence to assist the court in determining the sentence to assess. *Stringer v. State*, 309 S.W.3d 42, 45 (Tex. Crim. App. 2010); *see* TEX. CODE CRIM. PROC. art. 42A.252.

A PSI report must be in writing and include, as pertinent here:

(6)    the results of a psychological evaluation of the defendant that determines, at a minimum, the defendant's IQ and adaptive behavior score if the defendant:

    (A)    is convicted of a felony offense; and

    (B)    appears to the judge, through the judge's own observation or on the suggestion of a party, to have a mental impairment;

(7)    information regarding whether the defendant is a current or former member of the state military forces or whether the

5

defendant currently serves or has previously served in the armed forces of the United States in an active-duty status and, if available, a copy of the defendant's military discharge papers and military records;

(8)     if the defendant has served in the armed forces of the United States in an active-duty status, a determination as to whether the defendant was deployed to a combat zone and whether the defendant may suffer from [PTSD] or a traumatic brain injury[.]

TEX. CODE CRIM. PROC. art. 42A.253(a)(6), (7), (8).

The Texas Court of Criminal Appeals has long held that a defendant may waive the right to have a trial court order a PSI report. *See Griffith v. State*, 166 S.W.3d 261, 263 (Tex. Crim. App. 2005). Further, this Court and others have held that complaints about the *adequacy* of a PSI report are waivable. *See Morris v. State*, 496 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd); *see also Nguyen v. State*, 222 S.W.3d 537, 541 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) ("The right to *a part* of the whole should not be given more protection than the right to the whole.").

***Psychological evaluation***

Henry argues that the PSI report is substantively inadequate because "there is no mention of a psychological evaluation performed as part of the PSI, nor is there any information about [his] IQ or adaptive behavior score." He complains that Martin's evaluation was "defense provided" and that the trial court failed to order an "independent evaluation."

6

Our Court has specifically held that the "right to a psychological evaluation may be forfeited." *Morris*, 496 S.W.3d at 837 (internal quotations omitted); *see also Welch v. State*, 335 S.W.3d 376, 382 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). "To preserve error, a party must specifically object to the omission of a psychological evaluation from the [PSI] report." *Id.* (quoting *Nguyen*, 222 S.W.3d at 542); *see also Brand v. State*, 414 S.W.3d 854, 856 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (error waived by "not challeng[ing] either the general adequacy of the PSI or its specific failure to include a more complete psychological evaluation").

Henry concedes that he did not object in the trial court to any inadequacy in the PSI report. He argues, rather, that the provisions of article 42A.253 are mandatory and cannot be waived. And he urges us to follow the reasoning in *Garrett v. State*, 818 S.W.2d 227 (Tex. App.—San Antonio 1991, no pet.).

In *Garrett*, the San Antonio court of appeals concluded that the trial court erred in failing to order a PSI report with a psychological evaluation because the record reflected that the defendant may have suffered from mental impairment. *Id.* at 229. The court held that the requirements of the statute[2] cannot be forfeited by a failure to object. *Id.*

---

[2] Texas Code of Criminal Procedure article 42.12 § 9(i) was repealed, effective September 1, 2017, and recodified as article 42A.253(a)(6).

This Court's binding precedent "squarely rejects [Henry's] contention." *Castello v. State*, 555 S.W.3d 612, 617 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). This Court, as well as several of our sister courts, have declined to follow the reasoning in *Garrett* and have instead consistently made clear that a defendant waives omissions related to the psychological evaluation in a PSI report by failing to specifically object in the trial court. *See id.* at 618 (declining to follow *Garrett*); *Morris*, 496 S.W.3d at 837–38 (rejecting *Garratt* and holding that failure to object to omission of adaptive behavior score from PSI report was waived); *Brand*, 414 S.W.3d at 856 (complaint that PSI was inadequate because it lacked more complete mental health evaluation was waived).[3]

We are bound to follow our Court's precedent. *See, e.g., Sealy IDV Thompson 10, LLV v. Harris Cnty. Appraisal Dist.*, No. 01-22-00584-CV, 2024 WL 269531, at *2 (Tex. App.—Houston [1st Dist.] Jan. 25, 2024, no pet.) (mem. op.) (citing *Mitschke v. Borromeo LLC*, 645 S.W.3d 251, 256–57 (Tex. 2022) (discussing horizontal stare decisis)). We thus decline to follow *Garrett*. Because it is undisputed the Henry did not object in the trial court to the adequacy of the PSI

---

[3]    *See also Weathers v. State*, No. 02-19-00032-CR, 2019 WL 4010359, at *1 (Tex. App.—Fort Worth Aug. 26, 2019, pet. ref'd) (mem. op., not designated for publication); *Welch v. State*, 335 S.W.3d 376, 382 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) ("The right to a psychological evaluation may be forfeited, just as the right to a [PSI] generally."); *Turner v. State*, No. 05-09-01045-CR, 2010 WL 2525081, at *1 (Tex. App.—Dallas June 24, 2010, no pet.) (mem. op., not designated for publication) (rejecting reliance on *Garrett*).

report, we hold that he has not preserved his complaint for appellate review. *See Morris*, 496 S.W.3d at 838; *Brand*, 414 S.W.3d at 856.

Moreover, at sentencing, the trial court had before it Martin's Psychological Evaluation—which is more extensive than the statute requires. *See* TEX. CODE CRIM. PROC. art. 42A.253(a)(6). Although it was separate from the PSI report, the trial court had it to consider alongside the PSI. *See Nguyen*, 222 S.W.3d at 542 ("As long as the evaluation[] [was] before the court at sentencing, it is inconsequential whether [it] was part of the PSI or separate from it.").

To the extent Henry complains that the trial court erred by not sua sponte ordering a psychological evaluation, we note that Martin's Evaluation states that it is a "court-ordered" "independent psychological evaluation." And Martin testified that her evaluation was court-ordered for purposes of the PSI. Because the Evaluation was admitted without objection, the issue is waived. *See Morris*, 496 S.W.3d at 838; *Brand*, 414 S.W.3d at 855–56.

### *Military history*

Henry also argues that the PSI is "missing statutorily mandated information regarding his military history"—namely, article 42A.253(a)(7) and (8), which require information regarding whether he was deployed to a combat zone and whether he "may suffer from PTSD or traumatic brain injury."

Again, because it is undisputed the Henry did not object to any omissions from the PSI report, we hold that he has not preserved his complaint for appellate review. *See Morris*, 496 S.W.3d at 838; *see also Nguyen*, 222 S.W.3d at 541.[4] Moreover, as discussed above, the Evaluation and testimony addressed these matters.

## Conclusion

We affirm the trial court's judgment in all things.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] *See, e.g.*, *Pinson v. State*, No. 02-16-00225-CR, 2016 WL 7240682, at *1 (Tex. App.—Fort Worth Dec. 15, 2016, no pet.) (mem. op., not designated for publication) (error waived by not objecting to absence of military history in PSI).