**Opinion issued March 16, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00109-CR

———————————

**JORGE MONTALVO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1526956**

---

## MEMORANDUM OPINION

After appellant, Jorge Montalvo, without an agreed punishment recommendation from the State, pleaded guilty to the first-degree felony offense of

murder,[1] the trial court assessed his punishment at confinement for forty years. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

We modify the trial court's judgment and affirm the judgment as modified.

## Background

On September 24, 2019, appellant pleaded guilty to the first-degree felony offense of murder. In connection with his guilty plea, appellant executed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." In this waiver, appellant confessed to the allegations against him in the indictment and stipulated that he was "satisfied with the attorney representing [him]," his attorney "properly represented [him] and [he] has fully discussed the case with [his attorney]," and the "State agree[d] to waive its right to a jury trial in exchange for . . . [appellant's] agree[ment] to waive his right of appeal."

Also on September 24, 2019, appellant executed written "Admonishments." In this document, appellant acknowledged that he understood the range of punishment for a first-degree felony offense is a term of life incarceration, or any term not more than 99 years or less than fifteen years. Appellant also acknowledged

---

[1] *See* TEX. PENAL CODE ANN. § 19.02.

that he understood "the admonishments of the trial court set out" in the document, he "waive[d] the right to have the trial court orally admonish" him, his "plea [was] freely, knowingly and voluntarily made," he was "totally satisfied with the representation provided by [his] counsel and [he] received effective and competent representation," and he "fully [understood] the consequences of [his] plea." Further, "after having fully consulted with [his] attorney . . . [appellant] . . . request[ed] that the trial court accept [his] plea."

Finally, and also on September 24, 2019, the trial court entered its first certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2. Based on the above-discussed waivers and admonishments, the trial court checked the box indicating that appellant had "waived the right of appeal." This certification was signed by the trial court, appellant, and appellant's court-appointed trial counsel.

At the punishment hearing, appellant's counsel notified the trial court that appellant indicated that it was his desire to "withdraw his plea of guilty and instead go to trial on this case." The trial court noted that, during the plea hearing, appellant "never indicated in any kind of way that he felt pressured or coerced into this plea," and stated that it would "not let [appellant] now withdraw a plea that the [trial court] believe[d] he freely, knowingly, and voluntarily entered into," where "there [was] no suggestion or any kind of statement from [appellant] to indicate or suggest that

3

there[] [was] some new evidence that's just been revealed that would show [appellant] is not guilty after he's entered this plea of guilty."

However, the trial court also advised appellant that, "[i]f [appellant] would like to appeal after this, [he] can do everything [he] need[s] to do to effect an appeal." Because the trial court's statement was inconsistent with the trial court's first certification of appellant's right to appeal, signed on September 24, 2019, which stated that appellant had waived his right of appeal, appellant filed a motion to abate the appeal so that the inconsistency could be resolved. *See Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). Accordingly, on July 14, 2020, the Court abated this appeal and directed the trial court to make a finding clarifying its intention, or not, to grant appellant permission to appeal, and, if necessary, to execute an amended certification of appellant's right to appeal. *See* TEX. R. APP. P. 25.2(f).

On August 9, 2021, a supplemental clerk's record was filed with this Court. The supplemental clerk's record included an amended certification of appellant's right of appeal. *See id.* The amended certification indicated that this "is a plea-bargain case, but the trial court has given permission to appeal, and the [appellant] has the limited right of appeal to matters raised during the sentencing hearing and ruled on" by the trial court. Based on the amended certification, granting appellant a limited right of appeal, the Court reinstated the appeal. Appellant's appointed appellate counsel subsequently filed a motion to withdraw and an *Anders* brief.

## *Anders* **Procedures**

When appointed counsel believes a criminal defendant's appeal is frivolous, counsel may file both a motion to withdraw and a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders*, 386 U.S. at 741–42; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that he provided appellant with a copy of the brief and the motion to withdraw as well as a complete copy of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408. Counsel also provided appellant with form motion to access the appellate record, and counsel advised appellant of his right to file a pro se response

to the *Anders* brief.[2] *See Kelly*, 436 S.W.3d at 319–20; *In re Shulman*, 252 S.W.3d at 408. On February 21, 2023, appellant filed a pro se response to counsel's brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

---

[2] This Court also notified appellant that counsel had filed an *Anders* brief and a motion to withdraw and informed appellant that he had a right to examine the appellate record and file a response to his counsel's *Anders* brief. And this Court provided appellant with a form motion to access the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

## Modification of Judgment

In appointed counsel's *Anders* brief, counsel requests that the Court modify the trial court's judgment "to delete the special finding [of] 'APPEAL WAIVED, NO PERMISSION TO APPEAL GRANTED'." As discussed above, while the trial court's judgment accurately reflected the state of the case as of the time appellant entered his guilty plea, after the trial court entered its amended certification, granting appellant a limited right of appeal, the judgment is no longer accurate.

While we have concluded that appellant's appeal is frivolous, an appellate court has the power to correct and reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also* TEX. R. APP. P. 43.2(b). This is true no matter who, or if anyone, has called the matter to the attention of the trial court. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet ref'd) ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court.").

Accordingly, we modify the trial court's judgment to delete, under the section, "[f]urthermore, the following special findings or orders apply," the words: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *see*

*also Lopez v. State*, No. 01-14-00637-CR, 2016 WL 1600269, at *2 (Tex. App.—

Houston [1st Dist.] Apr. 21, 2016, no pet.) (mem. op., not designated for publication)

(modifying judgment to remove "special finding that state[d] 'APPEAL WAIVED.

NO PERMISSION TO APPEAL GRANTED" in *Anders* case).

## Conclusion

We affirm the trial court's judgment, as modified, and grant appellant's

appointed counsel's motion to withdraw.[3]  *See* TEX. R. APP. P. 43.2(f); *see Morris v.*

*State*, 496 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) ("An

appellate court has the power to correct a trial court judgment to make the record

speak the truth when it has the necessary date and information to do so.").  Attorney

Nicholas Mensch must immediately send appellant the required notice and file a

copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).  We

dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[3]  Appellant's appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).